UNITED STATES of America, Plaintiff,

v.

A.W.J., Defendant.

Crim. No. 6–86–47.

United States District Court,
D. Minnesota,
Sixth Division.

Aug. 7, 1986.

DEVITT, District Judge.

This matter is before us on defendant's motion for a stay of proceedings pending appeal and for the sealing of records. We deny the motion.

On July 14, 1986, this court issued findings of fact and an order transferring the juvenile defendant for criminal prosecution pursuant to 18 U.S.C. § 5032. The defendant, a seventeen year old male, is charged with a first degree murder, in violation of

18 U.S.C. §§ 1111, 1153, and an assault, in violation of 18 U.S.C. §§ 113(f), 1153. On April 19, 1986, the murder victim, occupying the driver's seat of a car, was shot in the head at very close range. Seated next to him was his girlfriend, the assault victim, who was penetrated by the same bullet. Defendant immediately appealed the transfer order and moved for a stay pending appeal.

Due to the paucity of published federal juvenile case law, defendant's motion raises issues of first impression. We must preliminarily determine the standard applicable in deciding whether the order should be stayed and then the propriety of a stay. While the government urges application of civil standards regarding stays, defendant contends that civil case law regarding stays is inapposite.

■ The Juvenile Justice and Delinquency Prevention Act of 1974, 18 U.S.C. §§ 5031–42, prescribes a system of treatment for juveniles distinct from the ordinary criminal justice process. *Fagerstrom v. United States*, 311 F.2d 717, 720 (8th Cir.1963). Determination of a juvenile's status under the Act is deemed a civil prosecution. *United States v. Gonzalez-Cervantes*, 668 F.2d 1073, 1076 (9th Cir.1981). Although the transfer order converts the civil juvenile proceeding into a criminal proceeding, the order is the culmination of a civil adjudication. Only after issuance of the transfer order may criminal proceedings commence. As part of the civil proceedings, therefore, the transfer order is subject to the law governing stays in civil actions. *See* Fed.R.App.P. 8(a).

The propriety of a stay of a court order pending appeal in a civil action is determined by applying the factors considered for issuance of preliminary injunctions. *See, e.g., United States v. Baylor University Medical Center*, 711 F.2d 38, 39 (5th Cir.1983), *cert. denied*, 469 U.S. 1189, 105 S.Ct. 958, 83 L.Ed.2d 964 (1985); *Cagle v. Davis*, 520 F.Supp. 297 (D.Tenn.1980) *aff'd*, 663 F.2d 1070 (6th Cir.1981). Those factors are: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and tle injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir.1981).

A primary effect of the separate juvenile system is that all judicial proceedings are confidential and court files are sealed. Upon transfer of the case for adult criminal prosecution, the defendant loses this benefit in favor of public disclosure. Conviction of the offense as an adult would also subject defendant to incarceration in an adult prison facility rather than a juvenile detention center. The denial of a stay would result in the loss of these safeguards. *Cf. United States v. C.G.*, 736 F.2d 1474, 1476–77 (11th Cir.1984) (transfer order is an immediately appealable collateral order). Nevertheless, they are not protected rights of constitutional magnitude. *See, e.g., In re Gault*, 387 U.S. 1, 27 (1967). *See generally* Note, A Recommendation for Juvenile Jury Trials in Minnesota, 10 Wm. Mitchell L.Rev. 587, 588–600, 616–17 (1984).

On the other side of the scale, there is the government's interest in a prompt trial while memories of the events in question are still relatively fresh. As the government notes, the indeterminate time required for an appellate decision on the transfer order could have an adverse effect on prosecution of and punishment for a serious crime. Furthermore, the public interest in prompt administration of criminal laws is substantial. By the defendant's motion for a stay of "further proceedings," he seeks to enjoin the prosecutor and the grand jury from proceeding with prosecution of this homicide case. We are loath to interfere with the United States Attorney's discretionary powers over criminal prosecutions. *See In re Grand Jury of the Southern District of Alabama*, 508 F.Supp. 1210, 1214 (S.D.Ala.1980).

The probability of success on the merits of defendant's appeal is slight and militates toward denial of the stay. *United States v. Alexander*, 695 F.2d 398, 400 (9th Cir.

1982). To prevail, he must persuade the appellate court that there has been an abuse of discretion in the decision to transfer. *Id.* at 401.

██ On balance, these factors indicate that a stay of further proceedings is inappropriate. The safeguards accorded juveniles are not paramount, especially at this juncture of the proceedings. Appellate provisions for expedited review in exceptional cases, Fed.R.App.P. 8, act as an added due process safeguard to ensure fair and exhaustive consideration of a motion for a stay.

Defendant also moves for the sealing of records. Defense counsel does not cite to, and we are unaware of, authority supporting continued sealing of the records under these circumstances. *But see* Fed.R. Crim.P. 6(e)(4), (6).

Based on the foregoing, submitted memoranda and all files, records, and proceedings herein,

IT IS ORDERED that:

Defendant's motion for a stay of proceedings pending appeal and for the sealing of records is denied.