## State of Vermont v. Todd Charbonneau

[576 A.2d 1253]

No. 88-379

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed May 18, 1990

*William Sorrell,* Chittenden County State's Attorney, Burlington, and *Jo-Ann Gross,* Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

Allen, C.J. After a trial, the district court convicted defendant of simple assault and thereafter sentenced him to a prison

term. Defendant appeals his conviction and sentence. We reverse and remand.

In November of 1987, defendant, then age sixteen, was charged in district court with simple assault. Defendant had other cases pending in juvenile court in which he had been adjudicated delinquent, but a disposition order had not been issued. The court sought to consolidate the simple assault charge with defendant's pending juvenile cases and transferred the matter sua sponte to juvenile court pursuant to 33 V.S.A. § 635(b). On December 9, 1987, the court held a status conference on the disposition of defendant. SRS recommended placement at 204 Depot Street, a residential treatment facility. The court scheduled a disposition hearing for the juvenile's pending cases for December 22, 1987 to enable defendant to visit the facility with his mother, and indicated it would deal with the simple assault at that future date.

At the December 22 hearing, defendant indicated his unwillingness to participate in the 204 Depot Street program. Given the absence of another suitable treatment facility, the juvenile court placed defendant on probation for the pending juvenile cases, subject to various conditions. With respect to the simple assault charge, the court ascertained that a factual dispute existed and defendant would not admit to the delinquent act. Without an admission, there would have to be an adjudication of delinquency before the court could decide on the appropriate disposition of the case. The court concluded it could not consolidate the simple assault case with the pending juvenile cases for which it was placing defendant on juvenile probation. Referring to the simple assault case, the court stated:

> I transferred it to juvenile court at arraignment on my own motion feeling that the matter could be consolidated with [defendant's] other cases that were then pending in juvenile court. At that time, I was not aware that [defendant] had already had two delinquency adjudications in juvenile court. . . . Nor was I aware that there had not been good compliance with the conditions of juvenile probation. I think in order for a case to be in juvenile court, there has to be some likelihood that the juvenile will be able to benefit

from the juvenile process. Everything I have learned since I transferred the case to juvenile court is that we are not getting a whole lot of cooperation and the likelihood of success on continued probation is not very good. So, I don't see that we can carry out the goals of rehabilitation in juvenile court. I think the matter ought to be in adult court . . . and that is what I intend to do with it.

The court then transferred the simple assault case back to district court.

In district court, defendant was tried as an adult and convicted of simple assault. At sentencing, the court stated that it was considering a split sentence with participation in drug and alcohol counseling as a condition of probation. The court explained that, if defendant was going to take the position that drug and alcohol counseling was not a reasonable condition, it would "have to really rethink whether probation is the way to go." Defendant objected on the grounds that the proposed conditions did not reasonably relate to the underlying offense. The court then sentenced defendant to a one-to-twelve month prison term.

On appeal defendant argues that: (1) the juvenile court lacked jurisdiction to retransfer the simple assault case back to adult court; and (2) that the court violated his statutory right to appeal and his constitutional right to due process of law by imposing a prison sentence after defendant objected to the proposed condition of probation. Because of our resolution of the first issue, we need not reach defendant's second claim.

The State contends that the juvenile court held a merits hearing as required by 33 V.S.A. § 655(c) on December 22, 1987, and therefore the retransfer of the proceedings to district court was proper. We disagree.

Examination of the record of the December 22, 1987 status conference discloses that, while the court discussed the disposition of defendant's other pending juvenile cases, it had yet to conduct a merits hearing regarding the simple assault, and took no evidence on that charge before transferring the proceeding back to district court.

In the alternative, the State argues that, even if no merits hearing was held, the juvenile court acted properly because § 655(c) does not require a merits hearing before transfer. We disagree.

██ When a district court acts as a juvenile court, it exercises special and very limited statutory powers. *In re M.C.P.*, 153 Vt. 275, 302, 571 A.2d 627, 642 (1989). "Generally, unless statutory authority exists for a particular procedure, the juvenile court lacks the authority to employ it." *In re J.S.*, 153 Vt. 365, 370, 571 A.2d 658, 661 (1989). The language of § 655(c) allows transfer only in the context of a disposition hearing, and therefore after an adjudication of delinquency.* See 33 V.S.A. § 654. In addition to § 655(c), only 33 V.S.A. § 635a empowers the juvenile court to transfer a proceeding to adult court. Defendant's simple assault charge, however, does not fall within the list of serious offenses enumerated in § 635a(a).

██ The juvenile court was without jurisdiction to retransfer the defendant to the district court for prosecution as an adult on the simple assault charge.

*Reversed and remanded.*

---

* Because the December 22, 1987 transfer hearing did not constitute a merits hearing, we need not decide whether, without violating the protection against double jeopardy, a defendant may be tried as an adult after an adjudication of delinquency and subsequent transfer under 33 V.S.A. § 655(c). See *Breed v. Jones*, 421 U.S. 519 (1975). Nor do we express any opinion whether, before an adjudication of delinquency, the juvenile court could have dismissed the case without prejudice.