2006 VT 129

**In re W.M.**

[915 A.2d 784]

No. 05-462

¶ 1. December 4, 2006. This interlocutory appeal arises from the family court's decision to transfer a juvenile marijuana-possession case back to the district court in which charges were originally filed. Because the family court did not have authority to transfer the case prior to a merits hearing, we reverse and remand.

¶ 2. The facts, which are undisputed, may be briefly summarized. When juvenile W.M., age sixteen, arrived at the district court for her arraignment on a domestic assault charge, a sheriff's deputy searched her bag and found marijuana. W.M. was later arraigned in the district court on a charge of knowingly possessing less than two ounces of marijuana. 18 V.S.A. § 4230(a)(1). W.M. then moved to transfer the possession case to juvenile court pursuant to 33 V.S.A. § 5505(c). The State did not oppose the motion, and it was granted without a hearing or findings. See V.R.Cr.P. 47(b)(1).

¶ 3. At an initial hearing in family court, W.M. asserted that she lacked knowledge that the marijuana was in her bag and stated that she would deny the charges. By written order later the same day, the family court transferred the case back to the district court. The order stated: "sent back to Dist — Child on

adult pro[bation] already — not admitting offense — not amenable to juv. pro. — under *Kent*, should go back . . . ."

¶ 4. W.M. timely filed a motion to reconsider the order. The motion was denied. A second motion for reconsideration was denied, and W.M. then moved the family court for permission to take an interlocutory appeal to this Court. That motion was also denied. We granted appellant's subsequent motion for interlocutory appeal, and this appeal followed.

¶ 5. W.M. first argues that the family court had no authority to transfer the case to the district court, except as provided by 33 V.S.A. § 5527(c). The State contends that the family court's transfer was proper in light of: (1) the district court's asserted abuse of discretion in transferring the case to family court initially, and (2) the family court's weighing of the factors announced in *Kent v. United States*, 383 U.S. 541 (1966).

¶ 6. The family court is a court of limited statutory powers and has no authority to act outside its mandate. *In re J.S.*, 153 Vt. 365, 370, 571 A.2d 658, 661 (1989). There is statutory authority for transfer to district court under certain enumerated circumstances. 33 V.S.A. § 5527(c). Section 5527(c) allows retransfer only after an adjudication of delinquency is made after a merits hearing. *State v. Charbonneau*, 154 Vt. 373, 376, 576 A.2d 1253, 1254-55 (1990). There was no hearing on the merits in the family court in this case, and no adjudication of delinquency. The transfer to district court was therefore outside the grant of statutory authority, and the family court had no authority to effect the transfer.

¶ 7. In opposition to W.M.'s arguments, the State contends that the district court's failure to conduct a hearing and issue findings on the initial transfer motion was an abuse of discretion, and that the initial transfer to family court was

therefore void. Rule 47(b)(1) of the Vermont Rules of Criminal Procedure, however, provides that the district court may dispose of motions without written findings or a hearing if there is no opposition filed, as there was not in this case. The State maintains that W.M.'s request for a hearing made an evidentiary hearing on the transfer motion mandatory, whether or not the State opposed the motion. This interpretation would ignore both the plain language of the rule and the language of W.M.'s request; W.M. requested a hearing "only if [the state's attorney] objects." The State waived any right it may have had to a hearing or findings by failing to oppose W.M.'s motion to transfer.

¶ 8. The State next argues that the family court's transfer of the case to the district court was a proper exercise of its discretionary authority under *Kent*. But *Kent* does not justify the extra-statutory transfer; *Kent* simply provides criteria a district court may apply in deciding whether to transfer a case to family court in the first instance. *Kent*, 383 U.S. at 566-67; *State v. Buelow*, 155 Vt. 537, 544, 587 A.2d 948, 953 (1990) (district court may apply the *Kent* factors, but need not do so).

¶ 9. Because we agree with W.M. that the transfer to district court was improper in light of the rules and statutes governing transfers, we need not reach the constitutional issues W.M. raises. *In re J.T.S.*, 169 Vt. 620, 621, 733 A.2d 86, 88 (1999) (mem.).

*Reversed and remanded to the family court for further proceedings consistent with this opinion.*