**Hospitality Inns, et al. v. South Burlington R.I., et al.**

[547 A.2d 1355]

No. 87-524

Present: **Peck and Dooley, JJ., Shangraw, C.J. (Ret.), Keyser, J. (Ret.) and Connarn, D.J. (Ret.), Specially Assigned**

Opinion Filed May 6, 1988

*Robert S. DiPalma* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiffs-Appellees.

*Craig Weatherly* of *Gravel & Shea*, Burlington, for Defendant-Appellant South Burlington R.I..

*Fred I. Parker* and *Alison J. Bell* of *Langrock Sperry Parker & Wool*, Burlington, for Defendants-Appellants Deslauriers and Bolton Valley Corp.

**Dooley, J.** On October 8, 1987, the Chittenden Superior Court issued a final order, pursuant to V.R.C.P. 54(b), directing defendant, South Burlington R.I., Inc. (SBRI), to convey the Ramada Inn motel in South Burlington to plaintiffs, Hospitality Inns, Inc. and Lodging North, Inc. SBRI conveyed the property as directed and then brought this appeal. Plaintiffs move to dismiss the appeal on the grounds that there is no final judgment from which an appeal can be taken. We deny the motion.

The trial court's opinion and order is based on a purchase and sale agreement between the parties under which SBRI was to sell and plaintiffs were to purchase the motel. Subsequent to this agreement, SBRI agreed to sell the property to Ralph R. Deslauriers and the Bolton Valley Corporation, also named as defendants in this action. Plaintiff brought suit claiming breach of contract by SBRI and also alleging tortious interference with a contractual relationship by the other named defendants. On the claims against SBRI, plaintiffs — in Count I of their complaint — sought specific performance of the contract, and — in Counts II and III — sought damages resulting from the alleged breach and certain alleged misrepresentations. The remaining counts sought damages from defendants Deslauriers and Bolton Valley Corp. By agreement of the parties, part of the case between plaintiffs and SBRI — that is, whether plaintiffs were entitled to specific performance — was tried to court before any of the remaining issues were tried.

On September 11, 1987, the court issued its notice of decision granting specific performance. On September 14, 1987, plaintiffs moved for entry of final judgment pursuant to V.R.C.P. 54(b), asserting that "[t]he other counts of Plaintiffs' Complaint stand separate and apart from Count I. [And that] [t]here is no need to hold judgment on Count I in abeyance to properly adjudicate the other counts." The court, noting no objection, entered judgment on October 8, 1987, ordering SBRI to convey the property no later than October 23, 1987. SBRI conveyed the property on October 23 and brought this appeal on November 6, 1987. Also, on November 6, 1987, the trial court filed an additional statement, entitled an "Entry," explaining that judgment had been entered pursuant to V.R.C.P. 54(b) and detailing the reasons for the judgment.

The irony of this motion to dismiss is that the plaintiffs sought the exact action under V.R.C.P. 54(b) that they now claim is improper. The rule provides:

> (b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or

parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In order to obtain the specific performance judgment, plaintiffs asserted that the requirements of V.R.C.P. 54(b) were present and the trial court so found. In order to prevent SBRI's appeal, plaintiffs now assert that the requirements of V.R.C.P. 54(b) are not met and, therefore, that there is no final judgment that can be the subject of this appeal. In order to retain their specific performance judgment while preventing an appeal at this time, they have developed an alternative theory that the specific performance judgment is actually a form of preliminary injunction under V.R.C.P. 65(b). Although the inconsistency of plaintiffs' position in this matter cannot determine the appellate jurisdiction of this Court, we must be careful that the plaintiffs not obtain the benefits of both their inconsistent positions on Rule 54(b).

Plaintiffs' contention in this Court is that their complaint, although in five counts, stated but two claims — one for breach of contract and one for interference with a contractual relationship. Thus, according to plaintiffs, Counts I and II of their complaint merely represent two remedies based on a single claim that SBRI breached its contract. They then conclude that, if we accept this argument, the Rule 54(b) certification was infirm because the rule allows entry of judgment "as to one or more but fewer than all of the claims" but does not allow such judgment on one remedy apart from others sought on a single claim. Thus, they argue that there is no judgment from which an appeal can be taken by SBRI.

It is SBRI's position that final judgment was properly certified under Rule 54(b). Moreover, SBRI argues that under the historical doctrine of *Forgay* v. *Conrad*, 47 U.S. (6 How.) 201 (1848), the order of the trial court compelling specific performance should be treated as a final judgment, irrespective of the applicability of

Rule 54(b), so as to prevent irreparable harm under the circumstances of this case. Finally, SBRI observes that it is singularly inappropriate for plaintiffs to have sought and received entry of final judgment at trial pursuant to Rule 54(b), and to now request that the appeal be dismissed for want of a final judgment — while enjoying the fruit of the very order that they attack.

We decide this motion primarily on the applicability of *Forgay* v. *Conrad*. That case established an exception to the finality of judgment requirement under federal law. See generally 9 Moore's Federal Practice ¶ 110.11 (2d ed. 1987 revision); see also Redish, *The Pragmatic Approach to Appealability in the Federal Courts*, 75 Colum. L. Rev. 89, 113 (1975). Essentially stated, the *Forgay* v. *Conrad* rule holds that an order — otherwise interlocutory — will be treated as a final appealable order if it calls for the immediate transfer of real or otherwise unique property. See *Forgay* v. *Conrad*, 47 U.S. (6 How.) at 204-05. The purpose of the rule is to protect a litigant from the undue hardship and irreparable harm that could inevitably result from a strict application of the finality requirement. See 9 Moore's Federal Practice ¶ 110.11. The rule in *Forgay* v. *Conrad* applies to *orders, id.* at ¶ 110.06, and thus can operate either in a single claim case or a multi-claim action. If the rule is applied in a single claim case, its effect is to treat the order requiring the immediate transfer of the property — although not disposing of the entire case — as final so as to permit immediate review. In such a case, the *Forgay* v. *Conrad* determination of finality will operate exclusive of Rule 54(b). Moore's Federal Practice, 1988 Rules Pamphlet 54.4[4], at 602. In a multi-claim dispute, an additional step is required to secure immediate appellate review. In such a case, the claim in which the type of order made appealable by *Forgay* v. *Conrad* has been entered must be separate from the remaining claims in the action so as to permit certification under Rule 54(b). *Id.*

The *Forgay* v. *Conrad* rule must be viewed as an exception to the final judgment requirement of 28 U.S.C. § 1291. The import of our statutes is that a final judgment is a prerequisite to appellate jurisdiction unless the narrow circumstances authorizing an interlocutory appeal are present. See 12 V.S.A. § 2386(a); V.R.A.P. 5(b). The finality requirement is firmly established by our case law. See *In re Pyramid Co.*, 141 Vt. 294, 300, 449 A.2d 915, 918 (1982). In applying the final judgment requirement, we have been guided by the federal requirement and its exceptions.

See *State* v. *Lafayette*, 148 Vt. 288, 290-92, 532 A.2d 560, 561-62 (1987). In *Lafayette*, we adopted the collateral order exception to the finality rule announced in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949). *Lafayette*, 148 Vt. at 290-92, 532 A.2d at 561-62. Our decision was based on a balancing of the policy of avoiding piecemeal review against the injustice of a juvenile being erroneously tried as an adult criminal defendant with no opportunity for review of the refusal to dispose of the matter in juvenile court. A similar balancing process in this case persuades us to adopt the *Forgay* v. *Conrad* exception. *Forgay* v. *Conrad* creates a sensible exception to the final judgment rule in view of the consequences of an order requiring a change in the ownership and possession of real property. Without diluting our policy against piecemeal review, we hold that the *Forgay* v. *Conrad* exception applies in Vermont.

When we apply the *Forgay* v. *Conrad* rule here, the effect is to make the specific performance order the equivalent of a final order. Since this is a multi-claim case, we must go through a second step of finding the contract claims against SBRI to be separate from the tort claims, and a last step of finding there is no reason for delay. As all three conditions are met, the requirements of V.R.C.P. 54(b) are satisfied and, accordingly, the motion to dismiss is denied.

We also note that allowing an appeal at this stage will most likely expedite the ultimate termination of the litigation consistent with maintenance of the value of the asset involved. It is desirable to finalize the ownership of the motel as soon as possible so that it can be managed by its owner for its long term profitability. The damage issues are conducive to voluntary settlement once the ownership of the motel is determined, but are so open-ended prior to that time that it is difficult to see how settlement is feasible.

Because of our disposition of the motion, we do not reach the alternative theories advanced by the parties on the applicability of V.R.C.P. 54(b) to this case.

*Motion to dismiss denied.*