## STATE of Vermont v. George W. CLEARY

[551 A.2d 1201]

No. 88-265

July 19, 1988. Motion for permission to file an interlocutory appeal denied, as the issue of defendant's competency to stand trial is one in which "factual distinctions could control the legal result." *In re Pyramid Co.*, 141 Vt. 294, 304, 449 A.2d 915, 920 (1982).

Motion for permission to file a "collateral order" appeal, *State v. Lafayette*, 148 Vt. 288, 532 A.2d 560 (1987), denied, as this matter fails to meet the first of the three criteria for such an appeal set out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949), and adopted in *Lafayette*, 148 Vt. at 292, 532 A.2d at 561. A ruling of the trial court finding defendant competent to stand trial could change at any time up to and through the trial proceedings. We do not reach the applicability of the other two criteria to a finding of competency to stand trial.

We also note, although it does not affect the result in this case, that a litigant seeking to appeal on the basis of the "collateral order" doctrine must ordinarily file a notice of appeal, rather than move under V.R.A.P. 5 for permission to appeal, as an appeal based on that doctrine is not an interlocutory

appeal. *State* v. *Lafayette*, 148 Vt. at 292 n.1, 532 A.2d at 562 n.1.