## Samuel S. and Geraldine Bloomberg v. Edlund Company, Inc., James Foster, Colin Lindberg, City of Burlington and Burlington Planning Commission

[563 A.2d 995]

No. 88-202

Present: **Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed May 12, 1989

*Deborah P. Volk* of *Bloomberg & Oettinger*, Burlington, for Plaintiffs-Appellants.

*Robert R. McKearin* of *Dinse, Erdmann & Clapp*, Burlington, for Defendants-Appellees.

*John L. Franco, Jr., City Attorney*, Burlington, for Defendant-Appellee City of Burlington.

**Dooley, J.** Plaintiffs are owners of property on Battery Street in Burlington which is directly opposite a location on which defendants obtained necessary city permits to construct a three-story building. Plaintiffs brought an action to enjoin construction of the building, alleging that the defendants and the city failed to give them proper notice of the permit proceedings and that the permits do not conform to the requirements of the Burlington zoning regulations. Plaintiffs sought a preliminary and permanent injunction to stop construction. The superior court denied the preliminary injunction, and plaintiffs appealed to this Court. Defendants moved to dismiss on grounds that no final order was filed in superior court. We agree and dismiss the appeal.

There were two orders below that bear on the finality question before us. The first was issued on December 16, 1987 in response to plaintiffs' request for a temporary restraining order and preliminary and permanent injunctions. This order examined the

"standards to be applied in reviewing motions for injunctive relief" and concluded that plaintiffs were unlikely to succeed on the merits because they had not appealed the permits to superior court in the time and manner prescribed by 24 V.S.A. §§ 4471 and 4472(a). The order concluded with the statement, "Plaintiffs' motion for injunctive relief is denied," which might have been construed as applying to all injunctive relief, preliminary and permanent, and hence as a final judgment. But that order was followed by the second order dated March 17, 1988, clarifying the first, stating that "[t]he only issue on which we have ruled is the motion for a preliminary injunction. We understand that a motion to dismiss has been filed. It may be heard by any judge." If the former order was ambiguous on the question of its finality, the latter order made clear that no final determination had been made and the court had dealt only with the petition for a preliminary injunction. This action was consistent with the fact that the court had not yet heard evidence, found facts, or adopted conclusions of law disposing of plaintiffs' claims.

At this stage of the proceeding there is virtually no record below to allow a full and fair review of plaintiffs' claims. According to plaintiffs' complaint, construction of defendant's building began in October of 1987 and we presume the building is now finished and occupied. At this point, it would be of no consequence to review the denial of a preliminary injunction, since no temporary action would be appropriate with respect to a completed building.

With only limited exceptions, we cannot hear an appeal in the absence of a final order. See *Hospitality Inns* v. *South Burlington R.I.,* 149 Vt. 653, 656, 547 A.2d 1355, 1358 (1988); *In re Pyramid Co.,* 141 Vt. 294, 300, 449 A.2d 915, 918 (1982). This case fits within no recognized exception.\* Nor does it appear likely that

---

\* Because of the apparent lack of a final judgment, we asked the parties to brief whether this appeal might be maintained under the "death knell doctrine" as an exception to normal finality requirements. See *Gillespie* v. *United States Steel Corp.,* 379 U.S. 148, 152-55 (1964); *Eisen* v. *Carlisle & Jacquelin,* 370 F.2d 119 (2d Cir. 1966); 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3912 (1976). Based on the argument and memoranda of the parties, we have concluded that this is an inappropriate case in which to consider the doctrine, as plaintiffs have not met the threshold requirement of showing that the trial court orders "purport[ed] to leave matters open, but . . . operate[d] in combination with surrounding facts to make it impossible to pursue the matter further." Wright, Miller & Cooper, § 3912, at 501. We also note that Congress

an interlocutory appeal could have been obtained under V.R.A.P. 5, although that question is academic, since no interlocutory appeal was sought.

*The appeal is dismissed.*

has adopted a specific authorization of interlocutory appeals of orders refusing to grant injunctions. See 28 U.S.C. § 1292(a)(1). Thus, use of the "death knell doctrine" is generally unnecessary in cases like this in the federal system. Although we have broad authorization to adopt rules allowing interlocutory appeals, 12 V.S.A. § 2386(a), we have not adopted the federal provision on interlocutory orders involving injunctions.