**STATE of Vermont v. Darren GILMAN**

[583 A.2d 84]

ı    No. 90-378

October 4, 1990. The State's motion to dismiss defendant's appeal of the trial court's denial of transfer to juvenile court pursuant to V.R.A.P. 5.1 is granted.

Defendant was five weeks short of age 16 when the events in question occurred. He is now 23 and stands charged with assault and robbery resulting in physical injury (13 V.S.A. § 608(c)). Defendant seeks transfer to juvenile court, nunc pro tunc, and hence effective dismissal of the charges.

The transfer to juvenile court was discretionary with the trial court, since the offense charged was one of those enumerated in 33 V.S.A. § 635a(a). In denying the motion, the court weighed defendant's extensive juvenile record, his mental status, and the factors set forth in *Kent v. United States*, 383 U.S.

541, 566–67 (1966). It concluded that, on balance, transfer to juvenile court was not appropriate.

In granting the State's motion to dismiss, we do not mean to imply that a motion to transfer to juvenile court should always be denied once an accused has passed the age of 21. In this case, however, defendant has failed to show that there was no reasonable basis for the trial court's decision. *State v. Willis*, 145 Vt. 459, 470, 494 A.2d 108, 114 (1985). Accordingly, the State's motion to dismiss is granted.

It is appropriate to add an additional clarification. In granting defendant's motion for permission to appeal, the trial court cited *State v. Lafayette*, 148 Vt. 288, 532 A.2d 560 (1987). While we have chosen to review the merits "in order to conserve judicial resources," *Pfeil v. Rutland District Court*, 147 Vt. 305, 308, 515 A.2d 1052, 1055 (1986), this case does not come within the strict principles we outlined in *Lafayette*. Defendant is no longer a juvenile, and since he has passed the age of 21, the juvenile court would have no jurisdiction over him and could not try him. See 33 V.S.A. § 634(b). Although the purpose of seeking transfer to juvenile court is ordinarily to secure the protections afforded by a juvenile proceeding, it is clear that defendant's goal is to secure a dismissal of the charges. In this respect, his motion is much like a motion to dismiss that has been denied by the trial court. We are unable to say that the issue of transfer could not be effectively reviewed on appeal from a final judgment; therefore, defendant's motion falls outside "'the "small class" of decisions excepted from the final-judgment rule by *Cohen [v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47 (1949)].'" *Lafayette*, 148 Vt. at 291, 532 A.2d at 561 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

*Appeal dismissed.*