591 A.2d 57 (1991)
In re C.K., Juvenile.
No. 90-550.
Supreme Court of Vermont.
March 8, 1991.
*58 Howard W. Stalnaker, Franklin County Deputy State's Atty., St. Albans, for petitioner.
Jeffrey L. Amestoy, Atty. Gen., and Alexandra N. Thayer, Asst. Atty. Gen., Waterbury, for SRS.
Steve Dunham, Public Defender, St. Albans, for respondent.
Before ALLEN, C.J., and GIBSON, DOOLEY and JOHNSON, JJ.
DOOLEY, Justice.
The State seeks to appeal from an evidentiary ruling in the detention-hearing stage of a CHINS (child in need of care or supervision) proceeding. We dismiss the appeal because it does not satisfy the collateral final order criteria set out in V.R. A.P. 5.1.
The following events gave rise to this appeal.[1] On November 27, 1990, seven-year-old C.K. informed a school nurse that her father had sexually abused her. After she repeated the allegations to SRS workers and a police officer, a CHINS petition was filed, and she was taken into custody pursuant to an ex parte temporary detention order. See 33 V.S.A. §§ 5510, 5513-5514. The following day, the girl's father was arraigned on a charge of lewd and lascivious conduct with a child and released on the condition that he not contact his daughter. The hearing on continued detention pending resolution of the petition commenced on November 29, and was continued until December 4. See 33 V.S.A. § 5515(a) (court must hold detention hearing within forty-eight hours of detention order). The father subpoenaed his daughter to testify at the hearing, but the State opposed receipt of the child's testimony, arguing that hearsay testimony from the nurse, SRS workers and the police officer was admissible and sufficient at the detention phase of a CHINS proceeding. The court ruled that it would not order further detention of the child unless the State presented evidence that would be admissible at the merits hearing. It proposed that the child testify in an informal setting, with *59 a social worker known to the child asking court-approved questions. The State declined to have the girl testify, and the court released her into the custody of the mother. The following day the court denied the State's motion for permission to appeal its ruling and order pursuant to V.R.A.P. 5.1.[2]
At the outset, we point out that the standard for reviewing a trial court's decision to deny permission to file an interlocutory appeal is whether the trial court abused or withheld its discretion. State v. McCann, 149 Vt. 147, 151, 541 A.2d 75, 77 (1987). Collateral order appeals are a variation of interlocutory appeals that serve as another narrow exception to the final judgment rule. See 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice § 110.10, at 62 (2d ed.1990); see also Hospitality Inns v. South Burlington R.I., 149 Vt. 653, 656-57, 547 A.2d 1355, 1358 (1988) (finality requirement is firmly established by Vermont caselaw and can be overcome only through narrow exceptions, including collateral order exception). Accordingly, our reasoning in McCann applies equally where the trial court denies permission to file a collateral order appeal.
The trial court "may" permit an appeal from an interlocutory order or ruling "if the judge finds that the order or ruling conclusively determines a disputed question, resolves an important issue completely separate from the merits of the action, and will be effectively unreviewable on appeal from a final judgment." V.R.A.P. 5.1(a). Thus, even where the disputed order or ruling meets the three criteria, V.R. A.P. 5.1 does not entitle the moving party to review of that order or ruling. In re Maple Tree Place Assocs., 151 Vt. 331, 333, 560 A.2d 382, 383 (1989); see Reporter's Notes1990 Amendment, V.R.A.P. 5.1 (Rule was amended in 1990 by replacing "shall" with "may" to conform with the holding in Maple Tree). Overriding the "threshold criteria is our need to balance the possible loss of important rights `against this Court's policy of avoiding piecemeal review.'" In re Maple Tree, 151 Vt. at 332, 560 A.2d at 383 (quoting State v. Lafayette, 148 Vt. 288, 292, 532 A.2d 560, 562 (1987)).
For purposes of analysis we will accept the State's narrow version of the disputed questionIs hearsay testimony admissible at the detention-hearing stage of a CHINS proceeding to aid the court in determining whether continued detention is in the child's best interest?and assume that the question was conclusively determined below. We emphasize the assumption because the father asserts that the trial court made no such conclusive determination but instead ruled that it could not continue the detention based on the evidence presented.[3] In any event, we conclude that the second criterion of the collateral order appeal test is not met. In order for that criterion to be met, the disputed issue must not "`affect, or ... be affected by, [the] decision [on] the merits.'" 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3911, at 470 *60 (1976) (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the leading case on collateral appeals). One of the purposes of the criterion is to "minimize the intrusion on continuing trial court proceedings." Id. at 471.
The resolution of evidentiary questions such as the instant one certainly have a substantial direct effect on the detention order, which determines whether a child will be detained pending a hearing on the merits. But because the detention order is only a preliminary step in a continuing process aimed at determining the proper placement for the child, the court's resolution of an evidentiary question raised at the detention hearing also affects the merits of the entire CHINS proceeding.
The interrelationship between the question raised and the merits of the proceeding also affects how we exercise our discretion in deciding whether to accept collateral order appeals. An appeal from a ruling at the detention hearing will invariably, as here, include a request for some sort of interim relief while the issue is being resolved. Although, in theory, our consideration of the detention order would not always delay the CHINS merits hearing, which must be held within fifteen days of the petition, see 33 V.S.A. § 5519(a), the practical result would be that the limited resources available to resolve juvenile cases would often be focused on disputes over preliminary rulings rather than the merits of the proceedings. The all-too-familiar scenario is that lawyers who could be adjudicating the merits of a controversy below are instead locked in a dispute here over a practically moot legal issue.
In sum, there is little doubt that appellate intervention at the detention-hearing stage of CHINS proceedings could have significant impact on the timing or resolution of the petition hearings. Therefore, absent grounds for extraordinary relief, we will not undermine the efficacy of the CHINS process by allowing appeals from rulings in its preliminary stages, even if it means that review of those rulings will never be available. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 384, 107 S.Ct. 1177, 1186, 94 L.Ed.2d 389 (1987) (Brennan, J., concurring) (although argument that order is effectively unreviewable is not persuasive for affording interlocutory appeal, it could be made in support of petition for extraordinary relief); see also Carroll v. United States, 354 U.S. 394, 406, 77 S.Ct. 1332, 1339, 1 L.Ed.2d 1442 (1957) ("Many interlocutory decisions of a trial court may be of grave importance to a litigant, yet are not amenable to appeal at the time entered, and some are never satisfactorily reviewable."); Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc., 455 F.2d 770, 774 (2d Cir.1972) ("mere inability to secure review of an interlocutory order on appeal from the final judgment does not warrant permitting immediate review of such orders"). It is crucial that the CHINS determination proceed unhindered by appeals challenging an infinite variety of procedural and substantive questions that may arise along the way. See In re B.M.L., 137 Vt. 396, 399, 406 A.2d 383, 385 (1979) (dominant concern of juvenile statute is to provide for speedy resolution of disputes involving charge that child is in need of care or supervision, especially when detention or removal from custody of parents is involved).
The State insists that the instant appeal concerns a general question of law, and its resolution in favor of the State would actually streamline the CHINS proceeding by preventing full-blown evidentiary hearings at the detention-hearing stage. This argument misperceives the nature of collateral order appeals. It is primarily the nature of the order, not the reason for the order, that gives rise to the relief. If we hold that a refusal to issue a detention order because of concerns about the nature of the evidence is appealable, then any detention order, or failure to issue one, will be appealable as long as the first criterion of the collateral order test is met. Rather than addressing the significance of the legal issues underlying the court's order, our holding today is that orders granting or refusing *61 detention are not collateral orders within the meaning of V.R.A.P. 5.1.
Appeal dismissed.
NOTES
[1] There is some dispute between the appellee father and the State over what occurred, and we do not have a transcript. We need not resolve the dispute, however, because we lack jurisdiction even under the State's characterization of events.
[2] On December 19-20, 1990, the merits hearing on the CHINS petition was held. The court found that C.K. was in need of care or supervision and issued an order (1) giving the mother custody of the child, (2) allowing SRS access to the child at any time, and (3) prohibiting the father from contacting the child. The State concedes that this order effectively moots its motion for a stay of the detention-hearing order. Nonetheless, it argues that the appeal of this order is not moot because it presents an issue "capable of repetition, yet evading review." See State v. Tallman, 148 Vt. 465, 469, 537 A.2d 422, 424 (1987) (order closing a pretrial hearing to press coverage was capable of repetition without review); see also Virginia v. Tenneco, Inc., 538 F.2d 1026, 1031 (4th Cir.1976) (appeal from temporary restraining order prohibiting natural gas supplier from reducing gas allocations was not moot where supplier ran substantial risk of other similar suits). The father does not challenge this argument other than to say that mootness exceptions should not apply to collateral appeals such as the instant one.
[3] The father also argues that detention orders cannot be appealed as final collateral orders because they are subject to review by the trial court at any time and they are by definition temporary. He thus asserts that the first criterion of the V.R.A.P. 5.1 test is not met because a temporary detention order does not "conclusively determine" the disputed question. We are reluctant to address this argument because we do not know the precise basis for the court's ruling in this case.