Lawrence LAMB, D.V.M. v. Colleen BLOOM, D.V.M., Steve Carey, D.V.M., Thomas Cihocki, D.V.M., and Lisa Geovjian, D.V.M.

[622 A.2d 505]

No. 92-508

January 12, 1993. This is the third renewal of a motion for reconsideration of an order dismissing a collateral order appeal. The appeal is from an order refusing to reconsider the denial of summary judgment. Defendant's point, made with increasing intensity in each renewed motion for reconsideration, is that we have absolutely no discretion to refuse to consider this appeal. This point is contrary to our case law. We offer an expanded explanation in the hope that it will finally terminate the continuing stream of paper.

Both plaintiff and defendant are veterinarians. Defendant is a member of the Vermont Veterinary Board. Plaintiff was disciplined by the Board. Plaintiff's complaint alleges defamation, negligent defamation and intentional interference with contractual relations. Because much of the complaint deals with defendant's role in the disciplinary action against plaintiff, defendant moved for summary judgment, claiming that all her actions were protected by qualified or prosecutorial immunity for her as a member of the Board.

The trial court granted the motion, but only in part. It found that one part of the complaint dealt with a transaction that came after the disciplinary action and was not related to it. Specifically, plaintiff alleged that defendant defamed him to prospective purchasers concerning an x-ray machine he wished to sell. As to this claim, defendant argued that plaintiff did not show the elements of defamation. The court concluded that plaintiff showed enough to get beyond the motion for summary judgment. It is important to note that defendant never claimed in the trial court that she had an immunity defense to this defamation claim.

The trial court also refused to grant defendant summary judgment on the interference with contractual relations claim. It noted that this claim was based on the entirety of the interaction between defendant and plaintiff and that defendant is in competition with plaintiff. It concluded that further factual development was necessary to resolve this claim.

Defendant requested reconsideration. She reargued her defamation points on the x-ray machine claim, disputed that she was in competition with plaintiff, and squarely argued immunity on the interference with contractual relations claim. On the latter point, plaintiff responded by pointing to evidence that defendant violated confidentiality rules in handling the complaints against plaintiff. The trial court reaffirmed its earlier ruling on the defamation claim. It also refused to change its ruling on the interference with contractual relations claim, relying on plaintiff's theory that defendant acted in concert with others who were enlisted to aid her through improper breaches of the confidentiality governing Board proceedings. The court stated that there were questions of fact on whether defendant breached confidentiality rules and acted in bad faith.

For her appellate jurisdiction position, defendant is relying almost exclusively on *Murray v. White*, 155 Vt. 621, 587 A.2d 975 (1991), which held that we

have collateral order jurisdiction over an appeal of a denial of summary judgment rejecting a claim of qualified immunity. As defendant *repeatedly* emphasizes, the jurisdictional decision is based on the theory that immunity is from suit, rather than from liability. *Id.* at 627, 587 A.2d at 978.

There are two differences between this case and *Murray*. First, defendant has an argument for immunity for suit only with respect to one of the two remaining claims against her. As to the defamation claim, her position involves the reach of the tort, and there is no collateral order jurisdiction on this dispute. Her papers do not face up to this problem. Apparently, she is saying that *Murray* not only gives her a right to appeal the immunity ruling but also the ruling that plaintiff has made out a case of defamation. This is a substantial expansion of *Murray*, and not one we are prepared to endorse. It suggests that a litigant can add on to a weak immunity appeal all sorts of other interlocutory issues and force us to interrupt trial court deliberation to address them. For this reason, we might rule that defendant cannot appeal the defamation issue, but this would mean that defendant would not avoid suit, no matter how we ruled on the appeal, and the essential reason for collateral order jurisdiction would be eliminated.

We would attempt a more definitive ruling on the first difference if it were not for the second difference. In *Murray*, the question was whether we had jurisdiction or power to rule on the case on appeal. Here, we are acting before this case has progressed at all in this Court and are addressing whether we should exercise that power. Defendant argues that we must always take a collateral order case when the jurisdictional prerequisites are met. Our cases are directly to the contrary on this position. In *In re Maple Tree Place Assocs.*, 151 Vt. 331, 333, 560 A.2d 382,

383 (1989), we emphasized that there is no entitlement to an appeal even if the three prerequisites for collateral order jurisdiction are met. We stated that we would take collateral order appeals "when strong need is demonstrated." *Id.* We reemphasized that position in *In re C.K.*, 156 Vt. 194, 196, 591 A.2d 57, 59 (1991). The applicable appellate rule was amended to make clear that the trial courts and this Court have discretion to determine whether to allow a collateral order appeal. See V.R.A.P. 5.1(a).

We fail to see how there is something about official immunity claims that creates a nondiscretionary right of review. Defendant's claim of immunity has been heard by one court and rejected, at least with respect to summary judgment. Defendant may be immune from suit, but that position does not carry with it a right to obtain an appellate opinion when the trial court decides otherwise. We seriously doubt that a person's willingness to serve on the state veterinary board depends on whether he or she is entitled to interlocutory review of immunity claims.

This Court takes far fewer interlocutory appeals than it did in the past. We learned that interlocutory review holds out the promise of reaching the proper result more expeditiously but more often creates injustice through extensive delay. Accepting this case now will interrupt trial court processing for one to two years. If the case is tried, it will be more challenging to marshall the evidence as time passes. The events in issue stretch back to 1984 and will become more difficult to reconstruct.

Obviously, there are strong and weak claims of immunity. We should take into account the consequences lawsuits will have on the willingness of citizens to serve on professional licensing boards and not needlessly expose board members to litigation. On the other hand, persons whose personal and profes-

sional standing and means of livelihood have been impaired by misconduct of others are entitled to redress in our courts and should not be held up by groundless claims of immunity asserted for tactical advantage. This need for balancing is exactly why we must have discretion to determine when interlocutory appellate review will serve the ends of justice, and when it will not.

When we exercise our discretion, we do not see this case as a strong candidate for interlocutory review. As in *Murray*, the immunity issue will come down to whether defendant acted in good faith. *Murray* holds that good faith exists "where an official's acts did not violate clearly established rights of which the official reasonably should have known." 155 Vt. at 630, 587 A.2d at 980. Unlike *Murray*, plaintiff here has focused on a clear right (the right to confidentiality of disciplinary proceedings), its alleged violation, and defendant's knowledge of the right. Without prejudging defendant's immunity claim, and understanding that it may look quite different after factual development, it does not appear to be as strong as that in *Murray*. Based on this evaluation, and the fact that defendant must also overturn the defamation ruling to avoid trial, this appeal should be dismissed.

Finally, defendant asks the Court to acknowledge errors it made in handling this interlocutory appeal. The Court acted sua sponte, as it is entitled to do, in response to the trial court's decision to grant interlocutory review. The record on appeal was sufficient to make that determination. We acknowledge that the Court initially overlooked *Murray*. That oversight, however, was corrected by our denial of defendant's motion for reconsideration, wherein we concluded that *Murray* does not require the Court to take this appeal.