## In re J.G., Juvenile

[627 A.2d 362]

No. 93-119

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed May 21, 1993

*Pamela Marsh* of *Nuovo & Marsh*, Middlebury, for Petitioner.

*William Keefe*, Addison County Deputy State's Attorney, Middlebury, for Respondent.

**Dooley, J.** Seventeen-year-old juvenile, who admitted to the underlying offense of petty larceny and to being a delinquent,

seeks permission to appeal from a decision of the family court retransferring the matter to district court, pursuant to 33 V.S.A. § 5527(c). Juvenile's request for permission to appeal is premised on *State v. Lafayette*, 148 Vt. 288, 292, 532 A.2d 560, 562 (1987), which allowed interlocutory review of a collateral order denying transfer of a criminal proceeding to juvenile court. The family court denied juvenile's motion for permission to appeal, stating that its transfer decision would be reviewable upon appeal, if any, from final judgment in the criminal case. We grant permission to appeal.

Before examining the specifics of this case, we address the issue of whether juveniles are entitled to interlocutory review of transfer decisions as a matter of right. In *Lafayette*, we stated that this Court "may have jurisdiction" over otherwise unreviewable collateral orders that conclusively determine important issues unrelated to the merits of the action. *Id.* at 290–91, 532 A.2d at 561; see *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47 (1949). After discussing whether an order waiving juvenile jurisdiction is "effectively reviewable" on appeal from a criminal conviction, we held that "when the injustice that would result if defendant were erroneously tried as an adult, and thereby denied the protections of chapter 12 of Title 33, is balanced against this Court's policy of avoiding piecemeal review, the balance clearly militates in favor of allowing appeal at this time." *Lafayette*, 148 Vt. at 292, 532 A.2d at 562. Thus, the narrow holding of *Lafayette* is that this Court has jurisdiction to review juvenile transfer decisions, and that appeals of such decisions will be allowed in situations where injustice would result if the defendant were erroneously tried as an adult.

This narrow reading was confirmed in *In re Maple Tree Place Assocs.*, 151 Vt. 331, 332–33, 560 A.2d 382, 383 (1989), where we stated:

> [W]e are concerned that the limited nature of our holding in *Lafayette* may have been misunderstood. While we set forth specific criteria without which a collateral order will not be reviewed by this Court, overriding these threshold criteria is our need to balance the possible loss of important rights "against this Court's policy of avoiding piecemeal review." 148 Vt. at 292, 532 A.2d at 562. *Lafayette* should not

be read as an addendum to the Vermont Rules of Appellate Procedure, creating a virtual entitlement to review of collateral orders. *Lafayette* offers appellate redress in the small number of extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of this Court's final decision. . . . *Lafayette* announced a procedure that will be available when strong need is demonstrated. But it must not be seen as a commonplace alternative to normal appellate review under the rules.

In 1990, V.R.A.P. 5.1 was amended by replacing "shall" with "may" to make it clear that the court has discretion in deciding whether to allow an appeal from a collateral order. V.R.A.P. 5.1(a); see *Lamb v. Bloom*, 159 Vt. 633, 634, 622 A.2d 505, 506 (1993) (*Murray v. White*, 155 Vt. 621, 587 A.2d 975 (1991), does not grant entitlement to appeal from denial of summary judgment to party claiming qualified immunity, but merely holds that this Court has jurisdiction to take such an appeal); *In re C.K.*, 156 Vt. 194, 196, 591 A.2d 57, 59 (1991) (even when challenged order meets all three criteria of rule, V.R.A.P. 5.1 does not entitle moving party to review of order). Further, this Court "may" dismiss the appeal "at any time" upon its own motion or a party's motion. V.R.A.P. 5.1(c).

█ By holding that this Court had jurisdiction over an appeal from the transfer decision pursuant to V.R.A.P. 3 and 4, *Lafayette* suggests that collateral orders meeting the three-part *Cohen* test are appealable as a matter of right. 148 Vt. at 289, 532 A.2d at 560–61; see *State v. Cleary*, 150 Vt. 649, 649–50, 551 A.2d 1201, 1202 (1988) (mem.) (citing *Lafayette*, Court noted that litigant seeking an appeal under collateral order doctrine should file a notice of appeal because such appeals are not interlocutory). In light of our experience with *Lafayette*, we now hold that collateral appeals are discretionary interlocutory appeals. To the extent that *Lafayette* or later cases hold that collateral order appeals are nondiscretionary and granted as a matter of right, they are overruled.[1]

---

[1] We do not intend this statement to apply to the *Forgay* exception adopted in *Hospitality Inns v. South Burlington R.I.*, 149 Vt. 653, 657, 547 A.2d 1355, 1358 (1988). That exception involves different considerations from those re-

The suggestion in *Lafayette* that collateral order appeals are nondiscretionary most likely resulted from a reliance on federal case law interpreting a federal statute that gives the courts of appeal jurisdiction over appeals from "all final decisions" of the district court. See 28 U.S.C. § 1291 (1982). Federal case law appears to hold that collateral orders meeting the *Cohen* test are appealable "final decisions" under § 1291. See *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985) ("final decision" within meaning of § 1291 does not necessarily mean last order to be made in case); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170–71 (1974) (§ 1291 does not limit appellate review to final judgments that terminate action). Once jurisdiction is established under § 1291 for these types of orders, appeal is granted as a matter of right. See Solimine, *Revitalizing Interlocutory Appeals in the Federal Courts*, 58 Geo. Wash. L. Rev. 1165, 1190 (1990).

▮ Our jurisdictional scheme for appeals is different from that applicable to the federal courts. The statutes define only the outer contours of our appellate jurisdiction. See 4 V.S.A. § 2(a). The import of our law is that "a *final judgment* is a prerequisite to appellate jurisdiction unless the narrow circumstances authorizing an interlocutory appeal are present." *Hospitality Inns v. South Burlington R.I.*, 149 Vt. 653, 656, 547 A.2d 1355, 1358 (1988) (emphasis added); see *In re Hill*, 149 Vt. 86, 88, 539 A.2d 992, 994 (1987) ("The normal mode of judicial review in Vermont is by appeal after judgment."). Unlike the federal system, we have no definitive statute that governs when a lower court action is appealable. Further, this Court has "broad authorization" to adopt rules regarding the procedure for taking appeals from orders that are not final judgments. *Bloomberg v. Edlund Co.*, 151 Vt. 559, 560–61 n.*, 563 A.2d 995, 996 n.* (1989); see 12 V.S.A. § 2386 (Supreme Court may provide rules for taking appeals before final judgment). Thus, while federal precedents are often helpful and persuasive, they are not controlling here.

We employed the "broad authorization" provided by 12 V.S.A. § 2386 when we adopted V.R.A.P. 5.1, which clearly gives both the trial court and this Court the discretion to deny collat-

solved in this opinion, and we leave to another day whether *Forgay* appeals should be considered as interlocutory and discretionary.

eral order appeals, even when the three-part *Cohen* test is met. By doing so, we rejected the federal courts' nondiscretionary treatment of collateral order appeals. Although this action may appear to be inconsistent with some of the analysis in *Lafayette*, there is no inconsistency between the result of that case and Rule 5.1. While an order transferring a juvenile case to criminal court is often a critically important decision that affects statutory rights of the accused, *Lafayette*, 148 Vt. at 291, 532 A.2d at 562, this fact does not convert the order into a final judgment. *In re R.L.*, 495 A.2d 172, 174 (N.J. Super. Ct. App. Div.), *cert. denied*, 508 A.2d 226 (1985). Many critical issues are determined through interlocutory review on a discretionary basis. *Id.* This one is no different. When requesting permission to appeal, the juvenile may emphasize the factors that make review appropriate under the given circumstances. If review is indeed appropriate, it is available to prevent injustice.

Based on our experience with *Lafayette* appeals, we believe that handling them on a discretionary basis sufficiently protects the juvenile where appropriate without forcing unwarranted delays in the prompt administration of justice. The trial court's discretion in transfer decisions is broader than in any other area. We have refused to set any predetermined limits on that discretion, reviewing decisions based solely on a hindsight determination of whether the discretion was abused. See *State v. Buelow*, 155 Vt. 537, 546, 587 A.2d 948, 954 (1990). Since the jurisdictional decision in *Lafayette*, we have not found in any case that the trial court abused its broad discretion in refusing to transfer a criminal case to juvenile court. See *id.* at 545, 587 A.2d at 953; *State v. Barrette*, 153 Vt. 476, 478, 571 A.2d 1137, 1139 (1990); *State v. Lafayette*, 152 Vt. 108, 113, 564 A.2d 1068, 1070 (1989); *State v. Smail*, 151 Vt. 340, 343, 560 A.2d 955, 957 (1989). As long as we allow such broad discretion, we strike an inappropriate balance of the competing considerations if we take all transfer appeals with no evaluation of the merits of the appeal. Similar concerns have prompted several courts to permit only discretionary review of juvenile transfer decisions. See, e.g., *In re R.L.*, 495 A.2d at 175 (rather than final judgment, juvenile waiver order is interlocutory order that may be appealed only by leave of court); *In re Joseph T.*, 575 A.2d 985, 987 (R.I. 1990) (interests involved in juvenile transfer order are

better served by allowing discretionary review of such decisions upon writ of certiorari rather than by granting appeal as matter of right); *State ex rel. A.E. v. Circuit Court*, 292 N.W.2d 114, 114 (Wis. 1980) (juvenile transfer orders are appealable through discretionary interlocutory review rather than as matter of right).

In holding that appeals of juvenile transfer decisions are discretionary, we must define the considerations that should go into the exercise of that discretion. The crucial inquiry is whether the transfer decision will be effectively reviewable. *Lafayette*, 148 Vt. at 291, 532 A.2d at 561. Deciding this question requires an examination of whether the stigma that would result from a public hearing and the potential for incarceration outweighs this Court's policy against piecemeal review and the injustice that would result from delay of the proceedings on the merits of the case. *Id.* at 291–92, 532 A.2d at 562. A juvenile's interest in avoiding the stigma of a public criminal trial and potential incarceration would depend, in part, on the age of the juvenile, the nature of the crime, and the likelihood of incarceration. Another consideration is the likelihood that the juvenile will have reached the age of eighteen before appeal from the criminal case is resolved, which, in the event of a reversal of the transfer decision, would effectively prevent adjudication by the juvenile court. See Institute of Judicial Administration—American Bar Association: *Juvenile Justice Standards Project, Standards Relating to Transfers Between Courts* § 2.4, at 53–55 (1980) (criticizing reconstructed waiver hearing sanctioned in *Kent v. United States*, 383 U.S. 541, 564–65 (1966)); cf. *State v. Gilman*, 155 Vt. 649, 583 A.2d 84 (1990) (dismissing appeal from denial of transfer to juvenile court where 23-year-old defendant had committed offenses at age 15). Thus, the juvenile court's transfer decision will depend on the circumstances of each particular case.[2]

---

[2] We note that another option for the family court is to grant permission to appeal but to deny a stay pending appeal. See V.R.A.P. 5.1(a) (if trial judge denies stay pending appeal, moving party may seek stay from Supreme Court). The applicable standard for determining whether a stay of the transfer order is appropriate involves the same factors considered for issu-

We now examine whether the court abused its discretion in denying interlocutory review in the instant case. *In re C.K.*, 156 Vt. at 196, 591 A.2d at 59 (standard for review of court's denial of motion to appeal under V.R.A.P. 5.1 is whether court abused or withheld its discretion). As noted, the court stated that review of its transfer decision would be available in the event of a conviction and a subsequent appeal. The question is whether, under the circumstances of this particular case, the stigma involved in a public trial, the potential for incarceration, and the possibility that juvenile will have no opportunity for adjudication as a juvenile in the event the transfer decision is reversed on appeal from criminal conviction outweighs the public interest in the prompt administration of criminal matters and this Court's interest in avoiding piecemeal review. Upon review of the record, we conclude that the interlocutory review should have been granted.

■ Juvenile, who turned seventeen on the date of the disposition hearing, had lived independently without financial support of his parents for the year preceding the hearing. He is charged with petty larceny, a misdemeanor. There is little likelihood of a jail sentence. The decision to transfer the case to district court was based primarily on the court's concerns over assuring that restitution would be paid. Although these facts suggest a relatively lessened concern for the stigma of a public trial or the potential for incarceration, interlocutory review is appropriate because juvenile will turn eighteen in less than a year and reversal of the transfer decision might well result in the impossibility of an acceptable remedy. An appeal at this juncture will also serve to resolve juvenile's argument that, in light of the withdrawal of his admission to the offense of petty larceny and to being a delinquent, the family court's decision to retransfer his case to district court violates *State v. Charbonneau*, 154 Vt. 373, 376, 576 A.2d 1253, 1254–55 (1990).

*Juvenile's motion for permission to appeal is granted.*

------

ance of preliminary injunctions: (1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest. *United States v. A.W.J.*, 639 F. Supp. 1558, 1559 (D. Minn. 1986).