Vermont Superior Court
Filed 01/10/24
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04992

---

**D. R. Ring Memorial Trust v. Vermont Agency of Transportation**

---

## ENTRY REGARDING MOTION

Title: Motion for Preliminary Injunction  (Motion: 2)
Filer: Harold B. Stevens, III
Filed Date: December 01, 2023

The motion is DENIED.

The Court held a hearing on Plaintiff Ring's motion for a preliminary injunction motion.  At the hearing, the Agency of Transportation had Jonathan Griffin, the project manager in the Vermont Agency of Transportation's Structures Division testified about the current status of the project.  Griffin stated that bridge construction had been completed and that the remaining site work will be completed by approximately January 6, 2024.  After this date, the Agency and their contractors will be removing their vehicles and equipment from the site.  There is some additional site work on the rail trail restoration project that will be performed in the area over the next two weeks, but it will not involve entry onto Plaintiff Ring's lands.  Griffin further stated that there were some areas of erosion on the portions of the trail that runs across Ring's lands that the Agency intends to address in the next construction season when the weather will allow grass and vegetation to grow.

Plaintiff does not dispute Griffin's characterization of the status of construction or the timeline laid out by Griffin.  Instead, Ring raised two general categories of objections.  The first can be classified as objections to the quality of the project and construction choices.  Ring stated that in his professional opinion the Agency removed a damaged, but still largely intact, bridge and replaced it with a lighter structure that cannot carry as much weight and will not be as resilient.  The other objection that Ring raised concerned points of access.  Griffin stated that the abutment of the bridge had been moved back to create a "cow crossing" under the bridge that is approximately 10 feet in height.  Griffin testified that this new cow crossing was a better crossing than previously existed and

had improved Ring's ability to access his property. Ring has not confirmed this height and expressed some skepticism about the crossing. Ring also raised an issue about another at-grade-crossing that he claims has been promised but unfulfilled for the better part of 20 years. Nothing in this construction project appears to have altered this situation.

*Preliminary Injunction*

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoted in *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19). In reviewing a motion for a preliminary injunction, the moving party bears the burden of establishing each element of a preliminary injunction claim and demonstrating that each factor warrants the imposition of a preliminary injunction. *Taylor*, 2017 VT 92, at ¶ 19.

The elements of a preliminary injunction under Vermont law include: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." Id. (quoting *In re J.G.*, 160 Vt. 250, 255 n.2 (1993)).

The issue of irreparable harm nearly always rests on the issue of money. If the moving party has an adequate remedy in the form of money damages or other relief, then a preliminary injunction should be denied. *Taylor*, 2017 VT 92, at ¶ 40 (citing C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2948.1 (3d ed. 2017)). In this case, the testimony of the parties indicates two things. First, there is no immediate or irreparable harm. The work of the Agency is largely completed, and the Agency will be removing its equipment from the site in a few days. The resulting trail occupies largely the same footprint as the prior railroad, and the one issue that Ring identified with his property, namely the claimed at-grade crossing, has been disputed for more than 20 years. Its absence is neither anything new or the result of the State's rail trail project. This is not to say that Ring is without remedy, but it is not an immediate and irreparable harm.

Based on the testimony and the filing, the Court finds no threat of irreparable harm that would justify the imposition of a preliminary injunction.

Looking to the potential harm to the Agency and the State, the Court finds that there is a threat of significant harm. The State has invested millions of dollars into the Lamoille Rail Trail project, and it represents one of the most significant public works investments in the area over the

past decade. It is part of a network that allows the public recreational access across the northern part of the state has both public benefit and economic impacts. Given this important public recreational function, the Court recognizes that any injunction that would impinge on this public work would have to be substantially justified.

As to Plaintiff's likelihood of success, the Court raised issues in its initial order based on the nature of rights of re-entry and possibilities of reverter that must be present for a Court to consider the cessation of a public grant. See *Collette v. Town of Charlotte*, 114 Vt. 357, 359–63 (1946); *University of Vermont and State Agricultural College v. Ward*, 104 Vt. 239, 158 A. 773, 776 (1932) (discussing the need for either right of re—entry or possibility of reverter to terminate an interest in land, even if the grant is conditional). In Plaintiff's initial filings, the Court did not see such language in the key deeds that were submitted. Plaintiff has indicated that he has done additional deed research and that some of the documents have covenants and obligations that he believes will satisfy the Court's concerns. These documents, however, are not before the Court, and the Court cannot take notice of them from Plaintiff's representations. Thus, Plaintiff's claims that the rail trail voids the deeds and reverts the land to him is without factual or legal foundation sufficient to establish a likelihood of success at this point.

Beyond these issues, however, the State has raised additional issues under 16 U.S.C. § 1247(d) and the 2004 actions by the federal Surface Transportation Board authorizing the rail line for railbanking and interim trail use. See *Lamoille Valley R.R. Co.—Abandonment and Discontinuance--In Caledonia, Washington, Orleans, Lamoille, and Franklin Counties, VT*, STB Docket No. AB-444 Sub-No. 1X (STB served Feb. 13, 2004). The decisions and statutes raise a legal question of whether this Court has jurisdiction, and whether Plaintiff has standing to raise these issues. While these issues are primarily the subject of the Agency's pending Motion to Dismiss, they cast significant doubt at this stage of the litigation. Instead of an issue of deed interpretation and rights of re-entry, the Agency's arguments show that there is an entire federal regime of laws and administrative process that may have exclusive jurisdiction over the issues that Plaintiff's seeks to raise and may preclude precisely the arguments that Plaintiff seeks to raise.

Based on these legal issues, the Court finds that there is no sufficient showing of likelihood of success on the merits to sustain or justify an injunction at this time.

Lastly, there is the issue of public interest. This is often the most difficult element, and in this case, an argument could be made that there is a public interest in the recreational benefit of a rail trail, but there is an equal public interest in good government and upholding constitutional values such as the right to just compensation for governmental takings. Plaintiff also notes that his actions are motivated to protect and preserve his properties, which are rich, agricultural lands adjacent to a river. There are numerous provisions demonstrating the State's interest in preserving and protecting agricultural lands, which reflect a broad public interest in the working landscape of the state. As such, the Court finds that there are compelling values that can be arrayed on both sides in favor of the public interest and that would auger either for or against an injunction in the right circumstances. While this element might support an injunction established on other grounds, these policy points are not sufficient to establish one where there is no evidence of irreparable harm or likelihood of success on the merits, and where the impact to the State's interest, which is by extension an interest in the commonweal, has the potential to suffer significant harm.

## ORDER

Based on the foregoing, the Court finds insufficient grounds and basis for a preliminary injunction, which is **denied**. Plaintiff Ring shall have until February 4, 2024 to respond to the Agency of Transportation's pending motion to dismiss.

Electronically signed on 1/5/2024 10:45 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge


Electronically signed pursuant to V.R.E.F. 9(d)

John S. Hall
Assistant Superior Court Judge

Electronically signed pursuant to V.R.E.F. 9(d)

Merle L. Haskins
Assistant Superior Court Judge