Filed 09/16/25

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-00371

---

Cynosure, Inc. v. Champlain Valley Dispensary, Inc. et al.

---

## DECISION ON PLAINTFF'S MOTION FOR INTERLOCUTORY APPEAL

In this commercial lease action, two creditors of the tenant, Defendant Champlain Valley Dispensary ("Tenant"), claim rights to bank accounts in Tenant's name held by Eastrise Credit Union ("Eastrise"). The Court initially granted the landlord, Plaintiff Cynosure, Inc. ("Cynosure"), an ex parte Order of Approval to attach the two accounts. *See* Order of Approval, dated Jan. 30, 2025. Intervenor Acquiom Agency Services LLC ("Acquiom") was permitted to intervene and moved to dissolve the trustee process based on its status as a secured creditor with superior rights to the funds held by Eastrise. Following hearings on April 11 and June 3, and after extensive briefing, the Court granted Acquiom's motion. *See* Dec. on Mot. to Dissolve Ex Parte Trustee Process, dated July 16, 2025. Cynosure now moves for permission to file an interlocutory appeal of the Court's decision pursuant to Rules 5(b) and 5.1(a) of the Vermont Rules of Appellate Procedure. For the reasons discussed below, the motion is DENIED.

Discussion

I. Appeal Pursuant to Rule 5(b)(1).

The Court first addresses Cynosure's motion pursuant to Rule 5(b)(1), which specifies three criteria that must be satisfied before permission for interlocutory appeal may be granted: "First, the appeal order must involve a 'controlling question of law.' Second, there must be 'substantial ground for difference of opinion' as to the correctness of that order. Third, an interlocutory appeal should 'materially advance the termination of the litigation.'" *In re Pyramid Co. of Burlington*, 141 Vt. 294, 301, 449 A.2d 915, 918 (1982) (quoting V.R.A.P. 5(b)(1)). As the Vermont Supreme Court has explained, interlocutory appeals "are an exception to the normal restriction of appellate jurisdiction to the review of final judgments." *Id.* at 300. In general, "[p]iecemeal appellate review causes unnecessary delay and expense, and wastes scarce judicial resources." *Id.* Thus, there is only "a narrow class of cases in which interlocutory review is nonetheless advisable." *Id.* at 301. The "failure to satisfy any one of the V.R.A.P. 5(b) criteria" precludes interlocutory appeal, as it "would contradict the purpose of V.R.A.P. 5." *Id.* at 302. "[T]he trial court has discretion in granting or denying interlocutory appeal." *State v. Haynes*, 2019 VT 44, ¶ 33, 210 Vt. 417.

Cynosure's motion fails to satisfy even the first element of the interlocutory review standard, in that the Court's order dissolving the trustee process does not involve a controlling issue of law. To meet this standard, reversal of an interlocutory order must at least "result in an immediate effect on the course of litigation and in some savings of resources either to the court

system or to the litigants," such as "by saving substantial litigation time, or by significantly narrowing the range of issues, claims, or defenses at trial." *In re Pyramid Co.*, 141 Vt. at 303 (quotation omitted). The motion makes no effort to explain how the Court's order, which addresses only a collateral matter that does not implicate the substantive legal issues raised in the case, meets this standard. Indeed, Cynosure's complaint is based on Tenant's alleged breach of its commercial lease and Cynosure's claim for damages. Thus, a successful interlocutory appeal of the Court's trustee process decision will not immediately affect the course of litigation between Cynosure and Tenant in a way likely to save judicial or litigants' resources. *See id*. (noting that "the core purpose of interlocutory appeal is to avoid unnecessary proceedings in the trial courts." (quotation omitted)). Rather, it would only potentially affect Cynosure's ability to recover a future judgment from the accounts at Eastrise.[1] Accordingly, Cynosure's motion under Rule 5(b)(1) is **denied**.

## II. Appeal Pursuant to Rule 5.1(a).

In an inherent concession that the Court's dissolution of the trustee process is a collateral order, Cynosure also requests permission to appeal the decision pursuant to Rule 5.1(a). Under that rule, a superior court may permit a party to appeal from an interlocutory decision if the ruling "(A) conclusively determines a disputed question; (B) resolves an important issue completely separate from the merits of the action; and (C) will be effectively unreviewable on appeal from a final judgment." V.R.A.P. 5.1(a). Known as the "collateral order doctrine," it "creates a limited, discretionary exception to the normal final judgment rule." *In re F.E.F.*, 156 Vt. 503, 507, 594 A.2d 897, 900 (1991), *overruled on other grounds by In re S.D.*, 2022 VT 44, 217 Vt. 180. The doctrine "offers appellate redress in the small number of extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of [the court's] final decision." *In re J.G.*, 160 Vt. 250, 252, 627 A.2d 362, 363 (1993) (quoting *In re Maple Tree Place Assocs.*, 151 Vt. 331, 333, 560 A.2d 382 (1989) (per curium)). Notably, trial courts have clear "discretion in deciding whether to allow an appeal from a collateral order." *Id*.

Here, there is no dispute regarding the first two criteria. "The requirement that the [trial] court's order 'conclusively determine' the disputed question means that the order must be final as to only the one inquiry that the order determines." *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 748 (5th Cir. 2014) (citation omitted). "To be considered 'conclusive,' it should be unlikely that the trial court will revisit the order." *Id*. (quotation omitted); *see also In re Diet Drugs Phentermine/Fenfluramine/Dexfen-fluramine) Prods. Liab. Litig.*, 401 F.3d 143, 159 (3d Cir. 2005) ("An order is conclusive when no further consideration is contemplated by the [trial] court, which excludes from review any decision which is tentative, informal or incomplete.").[2] The Court's decision dissolving trustee process conclusively determines a disputed question between Cynosure and Acquiom as to which creditor has priority over

---

[1] The trustee process filings and hearings have focused only on Tenant's accounts at Eastrise. There has been no evidence or findings that these accounts are the only sources that could be used to satisfy a future judgment in favor of Cynosure.

[2] The federal courts follow a collateral order doctrine similar to Rule 5.1. *See In re Diet Drugs*, 401 F.3d at 158-59. Thus, federal cases are instructive.

Tenant's funds at Eastrise. In addition, it resolves an important issue completely separate from the merits of Cynosure's breach of lease action.

Rule 5.1(a)'s final requirement is that the collateral order must be "effectively unreviewable on appeal from a final judgment." Our Supreme Court has explained that in making this determination, "the question is not whether the order is appealable after final judgment, but whether the rights asserted would be lost, probably irreparably, if review were delayed until the conclusion of proceedings in the trial court." *State v. Lafayette*, 148 Vt. 288, 291, 532 A.2d 560, 561 (1987) (quotation omitted), *overruled on other grounds by In re J.G.*, 160 Vt. 250, 627 A.2d 362 (1993); *accord In re Diet Drugs*, 401 F.3d at 159 ("For purposes of the collateral order doctrine, unreviewability means that failure to review immediately may well cause significant harm." (citation omitted)).

Cynosure contends that the Court's order dissolving trustee process "allow[s] Intervenor to deplete those assets, and leave[s] Plaintiff with no collectable assets of the Defendants – who admit they broke the Lease and admit they are insolvent – to satisfy Plaintiff's likely judgment." Pl.'s Mot. at 6. Further, Cynosure contends that the "dissolution of the trustee process will result in the irretrievable release of assets, thereby rendering any future judgment ineffectual and causing irreparable harm to Plaintiff." *Id*. Acquiom does not respond to Cynosure's assertion, nor does it address the question of whether the order is unreviewable under Rule 5.1(a).

Cynosure has failed to cite any Vermont case holding that the inability to collect a judgment means that an order will be effectively unreviewable for purposes of Rule 5.1(a), nor has the Court found one. Rather, Vermont courts have granted interlocutory appeal in cases where a party would irretrievably lose a significant right or status if appellate review were unavailable until the entry of final judgment. *See, e.g.*, *In re J.G.*, 160 Vt. at 256 (granting interlocutory review because the juvenile court's decision to transfer a delinquency case to criminal court would be unreviewable after entry of judgment); *In re K.P.*, Docket No. 22-AP-238, 2023 WL 1881890, at *2 (Vt. Feb. 2023) (unpub. mem.) (trial court properly granted interlocutory appeal pursuant to V.R.A.P. 5.1 because its decision denying grandparents party status in guardianship proceeding was unreviewable following entry of final judgment);[3] *Wilson v. Pecor*, No. 9-1-13 Cncv, 2014 WL 9964243, at *3 (Vt. Super. Ct. Dec. 31, 2014) (finding unreviewability prong satisfied where forced disclosure of personal finances before final judgment on the merits "would irreparably harm any such privacy rights"); *Blair v. Whitcomb Constr. Corp.*, No. 498-01 CnC, 2005 WL 5895245 (Vt. Super. Ct. July 26, 2005) (because sovereign immunity in Vermont "is more akin to freedom from suit than freedom from liability," court's decision denying State sovereign immunity protection was unreviewable following final decision on the merits). Cynosure's request in this case does not implicate a similarly important right.

---

[3] Trial courts are free to "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, Docket No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (unpub. mem.) (citing V.R.A.P. 33.1(d), which provides that an "unpublished decision by a three-justice panel may be cited as persuasive authority but is not controlling precedent," except under limited circumstances).

Moreover, in cases involving financial issues, courts have declined to allow interlocutory review where there is no good reason to believe the funds will be unavailable after final judgment. For example, in *In re Diet Drugs*, 401 F.3d at 145, an interlocutory appeal was sought regarding the trial court's decision to make an interim award of attorneys' fees. In addressing the federal doctrine's unreviewability prong, the Third Circuit considered whether the award of fees would be "effectively unreviewable absent immediate review." *Id*. at 159 (quotation omitted). The court dismissed the appeal, finding appellants had made no showing "that disbursement of the fees might very well make them unrecoverable at the end of the litigation should they turn out to have been awarded in error." *Id*. The court distinguished the case from the situation where payment was made to individuals who might disappear or be insolvent at the end of the litigation, "making recovery upon appeal impossible." *Id*. at 160 (quotation omitted). Because the interim fees at issue were being paid directly to counsel, the court found "the threat of insolvency [to be] entirely conjectural." *Id*. Thus, the court could not conclude that the fee award would be unreviewable upon entry of final judgment.

Likewise, here, Cynosure has presented no evidence suggesting that Acquiom will not have funds available at the end of this case to return to the Eastrise accounts should the Supreme Court ultimately reverse the Court's decision dissolving the trustee process. Thus, the Court concludes that Cynosure has not demonstrated that the decision is unreviewable if it is required to wait to appeal the dissolution until after a final judgment is entered in its breach of lease case. *See, e.g.*, *Manosh v. First Mountain Vt., L.P.*, 2004 VT 122, ¶ 7, 177 Vt. 616 (mem.) (following entry of final judgment, V.R.A.P. 3(a) allows any party to appeal any claim of error by the court). The Court declines to exercise its discretion to grant interlocutory review, and **denies** Cynosure's motion pursuant to Rule 5.1(a).

Order

For the foregoing reasons, Plaintiff's Motion for Permission to Appeal Pursuant to Vermont Rules of Appellate Procedure 5(b) and 5.1(a) (Mot. # 10) is DENIED.

Electronically signed on September 15, 2025 at 5:01 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge