**In re Estate of Pearl S. Walsh a/k/a Pearl S. Buck**

[341 A.2d 706]

No. 180-74

Present: **Barney, C.J., Smith, Daley and Larrow, JJ., and Keyser, Ret. J., Specially Assigned**

Opinion Filed June 10, 1975

Motion for Reargument and Motion to Substitute Parties Denied July 9, 1975

430

*Frederick Pope, Jr., Esq.*, Brattleboro, for the Executors.

*Fred I. Parker, Esq.*, of *Langrock and Sperry*, Middlebury, for the son.

**Per Curiam.** Testatrix' adopted son appealed to the Rutland Superior Court from the allowance by the Rutland Probate Court of an instrument purporting to be her last will and testament, and a subsequent codicil thereto changing the named executors. By jury verdict, and judgment thereon, the instruments were respectively found to be not her last will or a codicil thereto. Notice of appeal to this Court was seasonably filed by the executors named in the purported codicil, but by no other parties. Concededly, the appellants' only interest in the estate is as executors.

Despite varying views on this question in other jurisdictions, it has long been settled law in this State that executors with no other claims on the assets of an estate have no standing to appeal the disallowance of the will appointing them. *In re Estate of Gaskell*, 123 Vt. 57, 181 A.2d 67 (1962), and cases there cited. As pointed out in *Gaskell*, long legislative acquiescence in this rule would render a departure therefrom by this Court both unwise and inappropriate. The essence of the rule is that the person seeking to appeal must have some legal interest which may, by the decree appealed from, be either enlarged or diminished, and it applies to appeals to this Court as well as to appeals to county (now superior) courts. *Simonds* v. *Simonds' Estate*, 96 Vt. 110, 117 A. 103 (1922). The purported appellants here do not fall within the requirements of the rule, or of the statutory exceptions for appeals in a representative capacity which legislative policy has established as requisite for preservation of estate assets. (*Cf.* 12 V.S.A. § 2556, appeals from commissioners; and 32 V.S.A.

§ 6891, appeals from inheritance tax assessments.) The appeal must be dismissed.

*Appeal dismissed.*