## In re M.C. & C.C., Juveniles

[590 A.2d 882]

No. 90-538

February 26, 1991. Appellant mother appeals from the family court's order dismissing a petition to have her children declared Children in Need of Services (CHINS) pursuant to 33 V.S.A. § 5526. Neither the state's attorney for Rutland County, who filed the CHINS petition, nor the attorney for the children appealed the dismissal of the CHINS petition. Appellee father moved to dismiss the appeal on the grounds that appellant has no standing.

The generally recognized rule is that a party must be aggrieved by a decision to appeal therefrom. *Howard Savings Inst. v. Peep*, 34 N.J. 494, 499, 170 A.2d 39, 41 (1961). In the context of a probate proceeding, we have held that a person seeking to appeal a decision must have a legal interest in the decree that may be enlarged or diminished. *In re Estate of Walsh*, 133 Vt. 429, 341 A.2d 706 (1975); *State v. Central Vermont Ry.*, 81 Vt. 459, 71 A. 193

(1908). In short, to establish standing, the rights of the party seeking to appeal must be adversely affected by the judgment. *Braasch v. Mandel*, 40 Del. Ch. 12, 15, 172 A.2d 271, 273 (1961).

Our juvenile proceedings provisions, Title 33, chapter 55, do not include a statute expanding appellate standing beyond these common law mandates. Other jurisdictions, in contrast, have included an appellate standing statute within their juvenile proceedings provisions. See, e.g., Fla. Stat. Ann. § 39.445 (West 1988) (standing to appeal a CHINS order accorded to the State or the child, or the family, guardian ad litem, or legal custodian of any child affected by the order). Without any such legislative pronouncement, the common law standard governs.

A CHINS petition may be initiated by a state's attorney in response to allegations that a child is abused, abandoned, lacking proper parental care, or beyond the control of his or her parents. 33 V.S.A. §§ 5502, 5516, 5517. In dismissing a petition, the family court determines that the children were not abused, or otherwise not lacking proper care or supervision. A dismissal is typically a judgment in favor of the parents, and would not ordinarily confer upon the parents standing to appeal. In the present case, appellant mother is the noncustodial parent. Neither the grant nor the dismissal of the CHINS petition would have affected her custodial rights. Moreover, we are unable to determine any legal right of appellant that has been enlarged or diminished by the ruling that her children were not CHINS. Since the appellant has not been aggrieved by the decision, she is without the requisite interest and has no standing to appeal the decision.

*Appeal dismissed.*

Motion to reinstate appeal denied March 25, 1991.