726 A.2d 58 (1999)
In re E.W.
No. 98-414.
Supreme Court of Vermont.
January 25, 1999.
*59 Present AMESTOY, C.J., DOOLEY, MORSE, SKOGLUND, JJ., and ERNEST W. GIBSON, J. (Ret.) Specially Assigned.

ENTRY ORDER
The issue in this appeal is whether the family court abused its discretion by excluding appellant as a party in a termination-of-parental-rights (TPR) proceeding involving a three-year-old girl and her mother, with whom appellant had lived for a period of time. We conclude that the court acted within its discretion, and thus affirm its order denying appellant party status in the TPR proceeding.
E.W. was born in January 1996. In May 1996, appellant was named as E.W.'s father in a petition seeking to have her adjudicated a child in need of care or supervision (CHINS). Appellant and the child's mother agreed to the CHINS adjudication, admitting that their significant substance abuse problems prevented them from properly caring for the child. Legal custody remained with the mother under the protective supervision of the Department of Social and Rehabilitation Services (SRS). In January 1997, as the result of a stipulation entered into by appellant and E.W.'s mother, the family court issued a parentage order establishing appellant as the child's father. In August 1997, E.W. was removed from her home after her mother was found drugged and passed out in their apartment. The family court granted a motion to modify the original disposition order by transferring custody of E.W. to SRS.
In January 1998, SRS filed a petition to terminate the mother's parental rights. The case plan report accompanying the petition noted that appellant would be considered a placement option if within a three-month time frame he remained drug free and demonstrated that he could adequately and safely parent E.W. In March 1998, appellant sought a blood test to determine if he was E.W.'s biological father. At a status conference in May 1998, the State moved to exclude appellant from the TPR proceeding based on the blood test results, which determined that appellant was not E.W.'s biological father. Father moved to vacate the parentage order, but asked either to be included in the TPR proceeding as an interested party or at least to be allowed to participate in the process by remaining as a placement option. The family court allowed appellant to attend the TPR proceeding but denied his request for party status because he was not E.W.'s father and the State's petition did not seek termination of whatever parental rights he claimed. The court granted appellant's motion to appeal this ruling, but declined to stay the TPR proceeding. On appeal, appellant argues that he was entitled to party status in the *60 TPR proceeding because (1) he is E.W.'s father under the parentage order, which was never vacated; (2) he stands in loco parentis to the child; (3) he was named as E.W.'s father in the CHINS petition; (4) he has visitation rights; and (5) he had physical custody of E.W. at some point in the past.
We first address this Court's jurisdiction to consider the appeal. Unsure of whether the family court's July 23, 1998 ruling excluding her client as a party was a final appealable order, appellant's attorney moved for permission to appeal the ruling. At a July 29 status conference, the court indicated that it was willing to designate the ruling as a partial final judgment. In its August 10 written order, the court stated that its July 23 ruling was a final appealable order. Appellant filed a notice of appeal on August 26, more than thirty days beyond the July 23 ruling, but within thirty days of the court's decision to designate the ruling as a partial final judgment. The court's apparent reliance on V.R.C.P. 54(b), which allows the entry of final judgment as to fewer than all of the claims or parties in a proceeding, was improper. See V.R.F.P. 2(a)(2) (V.R.C.P. 54 among civil rules not applicable to CHINS cases). Nevertheless, given the court's stated intention to allow an appeal of its July 23 ruling, we will treat the instant appeal as one permitted by the family court under V.R.A.P. 5.1. See V.R.A.P. 2 (requirements of rules may be suspended for good cause shown). We reject the State's circular reasoning that because the family court denied appellant party status in the TPR proceeding, he lacks standing as a nonparty to seek permission to appeal that decision. See V.R.A.P. 5(b) (trial court may permit interlocutory appeal upon motion of any "party"); V.R.A.P. 5.1 (same). There is no indication that the use of the word "party" in the aforementioned rules was meant to preclude review of a decision denying a person party status.
While we conclude that the instant appeal is properly before us, we find no abuse of discretion in the court's decision granting the State's motion to deny appellant party status in the TPR proceeding. Appellant had neither married the mother nor adopted E.W., whom he conceded was not his biological child. Although appellant wanted to leave open the possibility that he would be considered as a future placement option for E.W., he failed to show that he had any cognizable interest in being a party to a proceeding that sought to terminate only the mother's parental rights. In In re M.C., 156 Vt. 642, 643, 590 A.2d 882, 882-83 (1991) (mem.), we held that a noncustodial mother had no standing to appeal the dismissal of a CHINS petition because we were "unable to determine any legal right of [mother] that [had] been enlarged or diminished by the ruling that her children were not CHINS." Her noncustodial interest in the children was not sufficient to contest dismissal of a proceeding that was essentially between SRS and the custodial father. She had not been aggrieved by the decision, and had no standing to appeal it. See id. Similarly, in this case the decision granting or denying the petition to terminate the mother's parental rights will not affect any claim appellant may have to residual parental rights or to custody. Further, the court's refusal to grant appellant party status in the TPR proceeding concerning the mother does not preclude him from later claiming residual parental rights and seeking legal custody or guardianship in the event the mother's parental rights are terminated. See 33 V.S.A. § 5528(3)(B) (at any time following CHINS adjudication, family court may transfer legal custody, guardianship, or residual parental rights to any individual found to be qualified to receive and care for child); cf. In re M. & G., 132 Vt. 410, 414, 321 A.2d 19, 22 (1974) (putative father's challenge to probate court order terminating mother's parental rights was premature considering order did not purport to terminate his parental rights; father could assert any custody claims at adoption proceedings).
None of appellant's arguments compel us to conclude that the family court was required to grant him party status in the termination proceeding. Appellant contends that the prior parentage order legally established him as E.W.'s father and thus entitled him to party status as a parent. See 33 V.S.A. § 5502(a)(13) ("party" means child with respect to whom proceedings are brought and any other persons or entities *61 referred to in § 5519(a)), 5519(a) (upon filing of CHINS petition, family court shall direct issuance of summons to specified persons and entities, including parents). He relies on our recent decision in Godin v. Godin, ___ Vt. ___, 725 A.2d 904 (1998), that prior adjudications of paternity are res judicata and must control even if it is later determined that the adjudicated parent is not the biological parent. We emphasize that the TPR proceeding in this case did not concern appellant's parental status, either as of the time of the proceeding or in the future. We do not believe that the proper parties in a TPR proceeding necessarily include all those served under § 5519 at commencement of the CHINS proceeding. Regardless of whether the same docket number is retained, a TPR petition seeking to modify a prior disposition order commences a new and separate proceeding. See In re B.C., ___ Vt. ___, ___, 726 A.2d 45, 49 (1999). Appellant took no position on whether the mother's rights should be terminated. He sought only to be available as a placement option, a position that remains open to him. The family court allowed him to observe the TPR proceeding, notwithstanding confidentiality restrictions. Under the circumstances, we see no legal significance in the specification of appellant's party status. Even if there is error, it is harmless.
For the above reasons, we also conclude that whether appellant stands in loco parentis to E.W. or was formerly E.W.'s custodian is not determinative of the issue presented in this appeal. In any event, appellant failed to demonstrate that his relationship with E.W. entitled him to party status as an equitable parent, assuming that such a relationship should be recognized in termination proceedings. Appellant himself conceded that he did not live with E.W. for at least one-third of her life before she was placed in SRS custody when she was only one and one-half years old. Further, the SRS case plan report indicated that appellant was, at best, in and out of E.W.'s life as the result of incarceration and treatment stemming from his significant substance abuse problems. Finally, appellant did not have custody of E.W. at the time he sought party status in the TPR proceeding.
In sum, under the circumstances of this case, appellant has not demonstrated that the family court abused its discretion by denying him party status in a termination proceeding in which the State was not seeking to terminate his parental rights. Cf. In re Baby Girl B., 224 Conn. 263, 618 A.2d 1, 9 (1992) (because proceeding was concerned only with terminating mother's parental rights, preadoptive parents' intervention would have been of little or no value to court's decision on whether grounds for termination had been proved; therefore, trial court did not abuse its discretion in denying preadoptive parents' request for permissive intervention).
Affirmed.