*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-297

APRIL TERM, 2015

| | |
|---|---|
| In re Estate of Herman G. Venheim | } APPEALED FROM: |
| | } |
| | } Superior Court, Essex Unit, |
| | } Civil Division |
| | } |
| | } |
| | } DOCKET NO. 43-9-12 Excv |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

This case involves allowance of a will. Following a motion for relief from judgment, the probate division concluded that consents to the will were obtained fraudulently and allowed the will to be opened. The executor of the will appealed that decision to the civil division, which reversed, finding insufficient evidence of fraud, and reinstating the original allowance of the will. John Venheim, the son of the decedent, appeals the civil division order, arguing that the civil division failed to provide notice to all interested persons of the final hearing, and erred in declining to appoint a lawyer for the estate.[1]  We affirm.

This probate case has been ongoing for many years. In August 2010, the probate division issued an order allowing a will executed in 2003 by decedent Herman Georg Venheim. This will made Helen T. Venheim, the decedent's second wife, the primary beneficiary of the estate. Notice was sent to the interested parties, including decedent's children by his first wife. Those children entered consents to the will, and an order was entered allowing the will in August 2010. Subsequently, one of the decedent's daughters, Randi May Steeves, sent letters to the probate division, asserting that decedent lacked testamentary capacity in 2003, when the will was written. The court sent correspondence seeking to determine the intent of Ms. Steeves's letters. Meanwhile, notices of appearance were entered by decedent's children, Annette Kari Eddy and John Venheim, and one of decedent's grandchildren, Richard Stephen Sady, Jr. Eventually, on November 8, 2010, Ms. Steeves filed an appeal from the probate order to the civil division. The civil division concluded that the letters did not suffice as notices of appeal and the notice of appeal was untimely filed. That decision was appealed to this Court, and this Court determined

---

[1]  Because it has not been raised by the parties, we do not reach the question of whether John Venheim had standing to appeal the civil division order having never entered a notice of appearance in the civil division, and therefore not been a party to those proceedings. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶¶ 15, 20, 188 Vt. 262 (concluding that neighbors who were interested parties but had not participated in underlying action or moved for party status lacked standing to appeal).

that one letter could properly be construed as a motion for relief from judgment, and remanded to the probate division for consideration of the motion. See Steeves v. Venheim, No. 2011-214, 2011 WL 7153817 (Vt. Dec. 21, 2011) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo11-214.pdf.

On remand, the probate division held a contested hearing. Three of decedent's children—Ms. Steeves, Ms. Eddy, and John Venheim—appeared in the proceeding below. The court issued a written order granting the motion to set aside final judgment and allowing the opening of decedent's will. The court found the consents were the result of fraudulent material misrepresentations. Among other things, the court found there was clear and convincing evidence that Helen Venheim intentionally lied about giving heirlooms to Ms. Steeves; that Ms. Steeves did not know this was a lie; and that Ms. Steeves consented to the will in reliance on Helen Venheim's false promise to give Ms. Steeves the heirlooms. Helen Venheim appealed to the civil division. The probate division sent a copy of the notice of appeal to those persons who had previously entered notices of appearance—three of decedent's children, Ms. Eddy, Ms. Steeves, and John Venheim, and one of decedent's grandchildren, Mr. Sady.

In the civil division, two of decedent's daughters, Ms. Eddy and Ms. Steeves, entered notices of appearance and were entered as parties in the appeal. Ms. Steeves moved for appointment of counsel for the estate, and the court denied the motion in July 2013. The parties engaged in mediation; during this time, Ms. Eddy and Ms. Steeves retained an attorney. The mediation was unsuccessful and the attorney withdrew. Ms. Eddy and Ms. Steeves then filed a "motion to discontinue defense of appeal," explaining that they believed Helen Venheim had made fraudulent misrepresentations to obtain the consents to allowance of the will, but that they, "on behalf of the fifteen legal heirs of Herman Georg Venheim," had decided not to continue defense of the appeal. The matter was scheduled for a de novo bench trial on the validity of the consents on June 18, 2014. The court sent notices to Helen Venheim, Jay Abramson (Helen Venheim's attorney), Ms. Steeves, and Ms. Eddy. Ms. Steeves and Ms. Eddy each sent letters to the court indicating that they would not attend the trial. Prior to trial, Ms. Eddy again moved for appointment of counsel for the estate, alleging that attorney Abramson had a conflict of interest and could not represent both Helen Venheim and the estate. The court denied the motion, stating that it knew of no law or rule authorizing such appointment.

At the trial, Helen Venheim appeared with her attorney. No other party appeared. Helen Venheim testified that she married decedent in 1968. She stated that decedent became sick in 2008 and died in 2010. She stated that the lawyer had prepared the estate paperwork, and that she did not discuss family heirlooms with the children. She testified that prior to Ms. Eddy's letter to the court she had not spoken to her about consenting to the will. Based on this evidence, the court found that Helen Venheim had no direct contact with the legal heirs concerning heirlooms and that there was no evidence that the consents were obtained through fraud. The court reversed the probate order, and ordered that the original allowance of the will from August 2010 be reinstated. John Venheim filed a notice of appeal to this Court.

On appeal, John Venheim first argues that the civil division erred in failing to give notice to all the heirs of decedent's estate prior to the evidentiary hearing. In particular, he argues that he had entered a notice of appearance in the probate division, but did not receive notice of the de novo hearing in the civil division on the appeal from the probate division's order.

2

Given the facts in the record, John Venheim was not entitled to notice from the court of the civil division hearing. The probate rules provide that "interested persons" must be served with notice at the commencement of a proceeding involving a decedent's estate. V.R.P.P. 17(a)(1). "Interested persons" are defined as the heirs, children, and spouse of the decedent, among others. Id. The rules do not require, however, that all of these interested persons continue to receive notice at subsequent stages of the proceeding. The applicable rule explains that "[a]t all further stages of a probate proceeding," the parties include "[i]nterested persons who have entered an appearance." V.R.P.P. 17(b)(1).

When a probate decision is appealed to the civil division, the appellant must "serve a copy of the notice upon each person who is considered a party at the time of commencement of the proceeding pursuant to Rule 17 of the Vermont Rules of Probate Procedure" and give a copy to the clerk of the civil division. V.R.C.P. 72(a).[2] After service of the notice of appeal, the appellee or any other party then must enter that party's appearance with the clerk of the civil division within twenty days. Id. Thereafter, service of pleadings and notice of orders is required upon parties. V.R.C.P. 5(a), 77(d)(1). Therefore, in the civil division, notice was required upon all parties who had entered a notice of appearance in that court.

John Venheim had entered a notice of appearance in the probate division, and been sent a copy of the notice of appeal, but he did not enter a notice of appearance in the civil division. Therefore, John Venheim was not a party in the civil division, and the court was not required to notify him of the hearing.

Despite the fact that appellant was not entitled to notice under the rules, appellant asserts that he should have been provided notice because he claims that during a status conference on May 21, 2014, the court indicated that notice would be sent to all interested parties. Helen Venheim's attorney and Ms. Steeves were present at the status conference, and Ms. Eddy participated by telephone. Appellant was not present and did not participate by telephone. During the status conference, the court indicated that there would be a trial de novo, and the court would take evidence on the same information given to the probate court. There followed some discussion of who would receive notice of the hearing. Ms. Eddy questioned whether all fifteen heirs would get a letter informing them of the hearing, and the court answered that that would have occurred when the notice of appeal was filed. The court explained "The notices of appearance that I got were from the two of you and I do not necessarily have handy the probate file. . . . I don't intend to provide notice." The following interchange then occurred:

> Ms. Eddy: As I understand it, according to the list from probate court John Venheim and Steve Sady are interested persons. As interested persons they will receive notices of the hearing from the court and be invited to participate. Right?
>
> The Court: Right.

---

[2] On appeal to this Court, John Venheim does not contend that Helen Venheim failed to provide him this notice of appeal to the civil division. And, in any event, the court sent John Venheim a copy of the notice of the appeal.

.  .  .  .

    Ms. Eddy: The only thing I would ask at this point is as a courtesy, the court send notices to all fifteen heirs. . . . .

.  .  .  .

    The Court: Thank you for your suggestion, ma'am.  The court's not doing that. . . .

.  .  .  .

    . . . The court is only going to deal with the people who entered appearances in the probate court based upon representation that has been made to [Helen Venheim's attorney]. . . .

.  .  .  .

    . . . we're not going to reinvent the probate procedure.

    The court's statements during the hearing were conflicting, and did not create an obligation to provide notice to anyone beyond what was required by rule.  At one point, the court indicated that only Ms. Eddy and Ms. Steeves, who had entered notices of appearance in the civil division, would receive notice.  At another point the court suggested that interested parties who had entered notices of appearance in the probate division would receive notice.  The court also indicated, however, that notice would not be provided to all of the heirs, and indicated an intent to follow the ordinary rules of probate procedure.  Taken together, the court's statements do not reflect a promise by the court to provide notice of the hearing beyond the requirements of the probate and civil procedural rules, or more specifically, to provide notice to appellant, who had not entered a notice of appearance in the civil division.

    Appellant next argues that the court erred in denying Ms. Eddy's and Ms. Steeves's motions to appoint an attorney "for the estate."  Appellant claims that because the estate's interest is not aligned with that of the executor, the estate should have had its own representation.  The proceeding for the allowance of the will and probate of the estate is an in rem action, with the property of the estate as the subject of the proceedings.[3]  See Everett v. Wing, 103 Vt. 488, 492 (1931).  The estate itself is not a party to the proceedings.  Indeed, Helen Venheim's standing to challenge disallowance of the will was based on her interest as a beneficiary of the estate, not as the executor of the estate.  See In re Estate of Walsh, 133 Vt. 429, 430 (1975) (per curiam) (explaining that "executors with no other claims on the assets of an estate have no standing to appeal the disallowance of the will appointing them").  The appeal to the civil division concerning the validity of the consents was essentially a contest between Helen

---

[3]  We recognize that at various times, the case has been variously captioned, and that the estate has been listed as a party.  Regardless of the case captioning, it is the type of the action itself that determines its nature.  Because this is a proceeding to probate an estate, it is an in rem action.

4

Venheim as proponent of the consents and the will, and Ms. Eddy and Ms. Steeves as challengers. Because the estate was not a party, there was no basis for the court to appoint an attorney to represent the estate, and the court did not err in denying the motions.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

5