# ENTRY ORDER

2021 VT 93

SUPREME COURT CASE NO. 21-AP-262

NOVEMBER TERM, 2021

| | |
|---|---|
| In re R.S., J.S., and I.S., Juveniles (S.C., Interested Party*) } } } } } } } } } | APPEALED FROM:<br><br>Superior Court, Bennington Unit, Family Division<br><br>DOCKET NOS. 64-4-19, 65-4-19 & 66-4-19 Bnjv<br><br>Trial Judge: Kerry A. McDonald-Cady |

In the above-entitled cause, the Clerk will enter:

¶ 1. In June 2019, the State filed petitions in the family division alleging that R.S., J.S., and I.S. were children in need of care or supervision (CHINS). In June 2021, appellant S.C., who is the children's maternal uncle, filed a motion seeking party status in the case. The family division denied S.C.'s motion on July 12, 2021, and S.C. filed a notice of appeal on August 4. This Court dismissed the appeal for lack of a final judgment, stating: "Insofar as appellant failed to seek permission to appeal the family division's denial of his motion for party status, which is not a final appealable order, the appeal is dismissed." See In re R.S., No. 2021-174 (Vt. Aug. 10, 2021).

¶ 2. S.C. subsequently moved for the family division to notify him when it issued a final decision regarding the termination petitions so he could appeal the denial of his party status. The court granted the motion. On October 25, 2021, the court issued an order terminating parents' rights, and notified S.C. that a final decision had been made. He then filed this notice of appeal.

¶ 3. Section 5102(22) of Title 33 permits the family division to join as a party "such other persons as appear to the court to be proper and necessary to the proceedings" in a juvenile proceeding. Our case law is somewhat unclear regarding the proper procedure for appealing a denial of a request for party status under this provision. Compare In re J.M., 170 Vt. 611, 612, 750 A.2d 442, 443 (2000) (mem.) (suggesting that order denying party status in CHINS case must be appealed after final judgment), with In re E.W., 169 Vt. 542, 542, 726 A.2d 58, 60 (1999) (mem.) (treating order denying party status in CHINS case as collateral final order). See also Agency of Transp. v. Timberlake Assocs., 2020 VT 73, ¶ 6, __ Vt. __, 239 A.3d 253 (treating denial of motion to intervene in ongoing condemnation action in civil division as final appealable order). To provide guidance to proposed intervenors in future cases, we now clarify that a person seeking to challenge the denial of party status in a CHINS proceeding must seek leave to appeal using the procedure set forth in Vermont Rule of Appellate Procedure 5.1.

¶ 4.    We have observed elsewhere that "when a motion to intervene is denied, the proper procedure is to pursue an immediate appeal." In re GMPSolar-Richmond, LLC, 2017 VT 108, ¶ 18, 206 Vt. 220, 179 A.3d 1232 (quotation omitted). This rule is logical because denial of intervention may preclude the proposed intervenor's ability to appeal a final judgment. See In re PATH at Stone Summit, Inc., 2017 VT 56, ¶ 20, 205 Vt. 112, 171 A.3d 1026 (holding that neighbors who were denied interested party status in administrative proceeding lacked standing to challenge final judgment). Furthermore, in CHINS cases, waiting to review an order denying party status until after final judgment could potentially delay permanency for children or undermine an associated final termination-of-parental-rights order or even an adoption order. Such a result would be severely disruptive to the children and other parties and would undermine the legislative goal of ensuring timely permanency in juvenile proceedings. See 33 V.S.A. § 5101(a)(4) (stating that one purpose of statute is "to ensure that safety and timely permanency for children are the paramount concerns in the administration and conduct of proceedings under the juvenile judicial proceedings chapters").

¶ 5.    However, our view that an order denying party status in a CHINS case should be appealed immediately does not mean that such an order is a final judgment from which a person may appeal as of right. It is more properly viewed as a type of collateral final order for which interlocutory review is discretionary. See V.R.A.P. 5.1(a) (stating that superior court may grant permission to appeal order that conclusively resolves disputed question that is separate from merits of action and will be effectively unreviewable on appeal). As with orders transferring juvenile cases to criminal court, addressing orders denying party status "on a discretionary basis sufficiently protects the juvenile where appropriate without forcing unwarranted delays in the prompt administration of justice." In re J.G., 160 Vt. 250, 254, 627 A.2d 362, 364 (1993). The Rule 5.1 process will permit review of a decision regarding party status in appropriate cases while allowing the family division to proceed with the remainder of the case. See V.R.A.P. 5.1(a)(3), (c)(3) (stating that superior court may decide "whether and on what conditions the proceedings are to be stayed" and that decision to permit appeal "does not divest the superior court of jurisdiction over the remainder of the action"). We therefore clarify that an order denying party status in a CHINS case is a collateral final order from which the superior court has discretion to grant permission to appeal if it finds the factors set forth in V.R.A.P. 5.1(a) are satisfied. See In re E.W., 169 Vt. at 542, 726 A.2d at 60. To the extent that we suggested otherwise in In re J.M., 170 Vt. at 612, 750 A.2d at 443, that case is overruled. We emphasize that our decision is limited to the context of a CHINS proceeding and should not be construed to alter the rules for intervention in other types of cases.

¶ 6.    A motion for permission to appeal a collateral final order ordinarily must be filed within fourteen days of entry of the order being appealed. V.R.A.P. 5.1(a). In this case, S.C. did not request permission to appeal under Rule 5.1 in the family division, and instead filed a timely notice of appeal as if from a final judgment. Our August 10, 2021, entry order, while technically correct, may have suggested that review of such an order was available after a final judgment by citing to In re J.M. Given the lack of clarity in our prior decisions regarding the proper mechanism for appealing a denial of party status, we conclude that there is good cause in this case to suspend the application of Rule 5.1(a) and grant S.C. permission to appeal the denial of party status. See

V.R.A.P. 2 (stating Supreme Court may, on its own motion, suspend any provision of appellate rules in a particular case); In re E.W., 169 Vt. at 542, 726 A.2d at 60.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice